Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI250001226
Transaction ID: 0022848043
Filing Date: 02/17/2025 09:15:42 PM CST

**Exhibit 1**

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD, | ) CASE NO._____ |
| TIMOTHY L. ASHFORD, P.C.L.L.O. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GOOGLE, INC. | ) |
| ALPHABET, INC. | ) DEMAND FOR |
| ROSES ROSES aka ROSE THOMPSON, | ) JURY TRIAL |
| GO GAMERS aka UNKNOWN, | ) |
| JOHN DOES, 1-1000, | ) ASSIGNED TO |
| JANE DOES, 1-1000, | ) JUDGE_____ |
| Defendants. | ) |

1.      Comes now the Plaintiffs  Timothy L. Ashford and Timothy L. Ashford, P.C., L.L.O.

("Plaintiffs") for their cause of action and files this complaint against Defendants Google, Inc.,

Alphabet, Inc., Roses Roses aka Rose Thompson, Go Gamers aka Unknown, John Does, 1-1000

and Jane Does, 1-1000.

2.      The Defendants Google, Inc., Alphabet, Inc., Roses Roses aka Rose Thompson, Go

Gamers aka Unknown, John Does, 1-1000 and Jane Does, 1-1000 engaged in libel or slander

and that the defamatory matter and defamatory statements were published or spoken of the

Plaintiff by said Defendants.

3.      This action is brought, in part, pursuant to Neb. Rev. Stat. § 25-839 Defamation, Libel

and Slander.

4.      This action is brought pursuant to Neb. Rev. Stat. § 25-839 within one year, an action for

libel or slander must be filed.

5.      Plaintiff has complied with the notice requirement in Neb. Rev. Stat. § 25-840.01.

6.    The Defendants have published defamatory statements and failed and refused to print a correction of the defamatory statements

## STATEMENT OF JURISDICTION

7.    The jurisdiction and venue of this action is proper in Omaha, Douglas County, Nebraska because the Plaintiff Timothy L. Ashford resides in Omaha, Douglas County, Nebraska and the actions occurred in Omaha, Douglas County, Nebraska.

8.    The jurisdiction and venue of this action is proper in Omaha, Douglas County, Nebraska because the Law Office the Plaintiff Timothy L. Ashford  P.C., L.L.O.  is incorporated in Omaha, Douglas County, Nebraska, does business in Nebraska and the actions occurred in Omaha, Douglas County, Nebraska.

9.    At all times relevant Timothy L. Ashford was a resident of the state of Nebraska.

10.    At all times relevant the law office of Timothy L. Ashford, P.C., L.L.O. was a corporation duly authorized to do business in the state of Nebraska and doing business in Omaha, Douglas County, Nebraska.

11.    At all times relevant Google, Inc., is a corporation duly authorized to do business in the state of California. Google, Inc. is incorporated under the laws of the State of California and has its principal place of business in the State of California.

12.    At all times relevant Alphabet, Inc., is a corporation duly authorized to do business in the state of California. Alphabet, Inc.,  is incorporated under the laws of the State of Delaware, and has its principal place of business in the State of California.

13.    At all times relevant upon information and belief Roses Roses aka Rose Thompson is a resident of the state of Texas.

14.    At all times relevant upon information and belief Go Gamers aka unknown is a resident of the state of Texas.

15.    At all times relevant John Does, 1-1000  are residents of the state of California.

16.    At all times relevant Jane Does, 1-1000  are residents of the state of California.

17.    This action is brought because the aforementioned Plaintiffs and the aforementioned Defendants are residents of different states.

18.    The amount at stake is more than $75,000 not counting interest and costs of the court  as damages.

19.    The jurisdiction and venue of this action is proper in Nebraska because Timothy L. Ashford, PC LLO is located in Nebraska and the events occurred in Nebraska.

20.    The jurisdiction and venue of this action is proper in Nebraska because Timothy L. Ashford resides in Nebraska and the events occurred in Nebraska.

21.    The jurisdiction and venue of this action is proper in Nebraska because Google, Inc., is a corporation duly authorized to do business in the state of California. Google is incorporated under the laws of the State of California, and has its principal place of business in the State of California.

22.    The jurisdiction and venue of this action is proper in Nebraska because Alphabet, Inc., was a corporation duly authorized to do business in the state of California. Alphabet, Inc.,  is incorporated under the laws of the State of Delaware, and has its principal place of business in the State of California.

23.    The jurisdiction and venue of this action is proper in Nebraska because Roses Roses aka Rose Thompson is a resident of the state of Texas.

24.     The jurisdiction and venue of this action is proper in Nebraska  because Go Gamers aka unknown is a resident of the state of Texas.

25.     The jurisdiction and venue of this action is proper in Nebraska because John Does, 1-1000  are residents of the state of California.

26.     The jurisdiction and venue of this action is proper in Nebraska because Jane Does, 1-1000  are residents of the state of California.

## DEFENDANTS

27.     The Google Business Profile Review is the number one business review site in the world to review a business.

28.     Google is the number one search site or search engine in the world to search for reviews of a business.

29.     Defendant Google, Inc., is a corporation duly authorized to do business in the state of California. Google, Inc. is incorporated under the laws of the State of California and has its principal place of business in the State of California.

30.     The Google Business Profile Review is a website to post business reviews.

31.     The Google Business Profile Review is a website to post business reviews which accepts money from the businesses for advertising and for other reasons.

32.     The Google Business Profile Website accepts revenue directly from the businesses.

33.     The Google Business Profile Review is a website for actual customers to post actual reviews of the business.

34.     From March 19, 2019 until the present Defendant Google operated a Google Business Profile Review.

4

35.    Defendant Alphabet, Inc., is a corporation duly authorized to do business in the state of California. Alphabet, Inc.,  is incorporated under the laws of the State of Delaware, and has its principal place of business in the State of California.

36.    Defendant Roses Roses aka Rose Thompson is a resident of the state of Texas.

37.    Defendant Go Gamers aka unknown is a resident of the state of Texas.

38.    Defendant John Does, 1-1000  are residents of the state of California.

39.    Defendant Jane Does, 1-1000  are residents of the state of California.

40.    Google was founded on September 4, 1998.

41.    In 2015, Google was reorganized as a wholly owned subsidiary of Alphabet Inc.

42.    Google is a subsidiary of Alphabet, Inc.

43.    Google is a holding company for Alphabet's internet properties and interests.

44.    Non-client non-attorney Roses Roses aka Rose Thompson posted a statement regarding Plaintiffs' business Timothy L. Ashford and Plaintiff Timothy L. Ashford PC LLO on March 20, 2019 on the Google Business Review Website which stated:

"If you are looking for a disheveled, unorganized, unreliable attorney with questionable ethics, he's your man.

45.    Defendant Roses Roses aka Rose Thompson admitted that she was "upset" during the time she posted the statement.

46.    Defendant Google published the March 20, 2019 review posted by Roses Roses aka Rose Thompson.

47.    Plaintiff filed a consumer complaint against Google on 1/8/24,

48.    On September 6, 2021 after repeated requests from Plaintiff to remove the defamatory statement the Google response stated: "…the review has already been flagged and was not

5

removed as it was not found in violation of any review policies. Google doesn't get involved when merchants and customers disagree about facts, since there's no reliable way to discern who's right about a particular customer experience….”

49.    Defendant Google did not verify that Roses Roses aka Rose Thompson was a “customer”.

50.    Defendant Google did not verify that Roses Roses aka Rose Thompson was a “client.”

51.    Defendant Google did not ask Roses Roses aka Rose Thompson if she was a “client”

52.    or a “customer.”

53.    Defendant Google should have immediately removed the 3/20/19 Roses Roses aka Rose Thompson post.

54.    Defendant Roses Roses aka Rose Thompson was not a “customer” of the Plaintiff.

55.    Defendant Roses Roses aka Rose Thompson was not a “client” of the Plaintiff.

56.    Defendant Google has no information that Roses Roses aka Rose Thompson ever met Plaintiff.

57.    Defendant Google has no information that Roses Roses aka Rose Thompson was a client of the Law Office of Timothy L. Ashford PC LLO.

58.    Google stated that the only way Defendant Google, Inc. would remove the 3/20/19 review posted by Roses Roses aka Rose Thompson was if the Plaintiff obtained a court order to remove the Roses Roses 3/20/19 review.

59.    Google published the defamatory statement from non-client non-attorney Roses Roses aka Rose Thompson from 3/20/19 until sometime after 1/8/24 for a total of 1,755 days or 4 years, 9 months and 19 days.

60.    Plaintiff repeatedly advised Google that the statement was posted because Plaintiff refused to pay the extortion demand of Roses Roses aka Rose Thompson.

61.    On January 8, 2024 Plaintiff sent Google a letter stating Plaintiff is requesting that the prosecuting authorities investigate and prosecute both Google and Roses Roses aka Rose Thompson for criminal activity.

62.    Google immediately removed the defamatory statement sometime after Google received the January 8, 2024 letter from Plaintiff requesting prosecution of all parties without a court order.

63.    Google removed the defamatory statement without a court order.

64.    Without banning Roses Roses aka Rose Thompson from publishing defamatory statements about Plaintiff she posted another defamatory statement 2/20/24 under another name.

65.    Non-client non-attorney Go Gamers aka unknown, who upon information and belief is Roses Roses aka Rose Thompson, immediately reposted a review regarding Plaintiffs' business on February 20, 2024 which stated:

"Somehow Tim deleted my last one star review even though it was legit. Do yourself a favor and don't use Tim Ashford."

66.    The only one star review on the Google Business Profile was posted by Roses Roses aka Rose Thompson on March 20, 2019 and Plaintiff had only five star reviews from reviewers.

67.    Google published the February 20, 2024 review.

68.    Google published the February 20, 2024 review without verification that Go Gamers was a "customer" or a "client."

69.    Go Gamers aka unknown who upon information and belief is Roses Roses aka Rose Thompson.

70.    Plaintiff has repeatedly requested Defendant Google remove the reviews of the Plaintiff posted and published by Defendants from the Google Business Profile Review website.

71.    Defendants have not printed, published or made any corrections to the defamatory statements posted on 3/20/19 and 2/20/24  which appeared on the Google Website for millions to view.

PLAINTIFFS

72.   Plaintiff, who is an African American male, is a resident of Omaha, Douglas County, Nebraska with more than 34 years as a licensed attorney.

73.   Timothy L. Ashford, P.C., L.L.O. is a corporation which was incorporated in Omaha, Douglas County, Nebraska and does business in Omaha, Nebraska.

74.   Timothy L. Ashford is a resident in Omaha, Nebraska.

75.   Plaintiff is a duly licensed attorney practicing law in Omaha, Douglas County, Nebraska and Colorado.

76.   Plaintiff is a law corporation in Nebraska.

77.   Plaintiff is licensed to practice before the United States Supreme Court, the Sixth Circuit Court of Appeals, the Eighth Circuit Court of Appeals, the Nebraska Supreme Court and the Colorado Supreme Court.

78.    Plaintiff is a former prosecutor who has been licensed since 1989 and Plaintiff has been a Defense attorney since 1998 practicing primarily in Omaha, Douglas County, Nebraska.

79.    Plaintiff graduated from Drake University Law School in 1988 in the Drake accelerated law school program which is a two and one half year program instead of the three year program.

80.    Plaintiff was licensed in Colorado in 1989.

81.    Plaintiff has represented a number of high profile clients.

82.    Plaintiffs  sued the Douglas County, Omaha, Nebraska Judges, which includes W. Russell Bowie, for racial discrimination to appoint black attorneys to represent poor defendants in murder cases and capital murder cases on the all-white Douglas County Murder Panel. The case is still active as of February 17, 2025 in Ashford v. Hendrix in the Douglas County Court and the Nebraska Court of Appeals A 24 865 Timothy L. Ashford v. Douglas County, 880 F.3d 990 (2018 8th Cir.)  Timothy L. Ashford v. John Does in the Eighth Circuit Court of Appeals Case number 16-3366.

83.    Plaintiff sued the Douglas County Judges for racial discrimination to appoint black attorneys to represent poor defendants in murder cases and capital murder cases. As a result of Plaintiff's racial discrimination lawsuits approximately 10 black attorneys were appointed to represent poor defendants in felony and misdemeanor cases. Timothy L. Ashford v. Douglas County, 880 F.3d 990 (2018 8th Cir.)  Timothy L. Ashford v. John Does in the Eighth Circuit Court of Appeals Case number 16-3366.

84.    Plaintiff was invited by the Nebraska State Bar Association (NSBA) to appear on a panel and speak before approximately 580 attorneys at the initial annual NSBA conference in 2009 with two prominent criminal defense attorneys.  "Attorney Timothy L. Ashford Panelist at Nebraska State Bar Association" Omaha Star October 29, 2009.

85.    Plaintiff graduated from Drake University Law School in 1988 in the Drake accelerated law program which is a two and one half year program instead of the three year program.

86.    Plaintiff represented the late former Black Panther Party Members for Self  Defense and the National Committee to Combat Fascism David "Mondo" Rice also known as "Wopashitwe

Mondo Eyen We Langa" and Edward Poindexter. State v. Rice, 295 Neb. 241 (2016). "Judge orders payment of fees to lawyer for killer's final appeal" Omaha World Herald "July 20, 2017 "County must pay lawyer for killer's final appeal" Omaha World Herald  December 10, 2018

87.     Plaintiff won his first federal criminal jury trial in which his client was arrested while walking from the house to a car with a package of crack cocaine in his hands during a sting operation by the government. The client was charged with possession and possession with intent to deliver in the U.S. District Court in Nebraska. After a three day jury trial, the jury returned a not guilty verdict in approximately 45 minutes. The U.S. Attorney wins approximately 95 out of 100 criminal jury trials. (U.S. v. Rainier. 8:04 CR 274)

88.     Plaintiff successfully won an acquittal of the charge of murder/manslaughter in Plaintiff's first  murder  trial.

89.     Plaintiff is the only attorney to represent both Edward Poindexter and the late David "Mondo" Rice who are former Black Panther Party Members for Self Defense and members of the National Committee to Combat Fascism for more than 24 years pro bono.

90.     The British Broadcasting Company (BBC) has a special on Operation Cointelpro which discusses the case of Poindexter and Mondo which is now shown on Youtube. The BBC special investigated the Omaha Two-Poindexter and Mondo- who are considered political prisoners and were convicted as a result of the F.B.I. Operation Cointelpro which was designed to destroy and jail the Black Panthers.  Former Black Panther Geronimo Pratt who was represented by the late Johnnie Cochran was also featured in that same BBC Operation Cointelpro special.

91.     As a result of Plaintiff's discrimination lawsuits more than approximately 50 Nebraska judges have had to recuse themselves in Plaintiff's cases.

FACTS
ROSES ROSES DEFAMATORY STATEMENT
REPOST AND REPUBLICATION

92.    Non-client non-attorney Defendant Roses Roses aka Rose Thompson posted a Google

Business Review Profile statement on March 20, 2019 when she posted:

"If you are looking for a disheveled, unorganized, unreliable attorney with questionable ethics,

he's your man."

93.    Go Gamers aka  unknown aka Roses Roses aka Rose Thompson posted on the Google

Business Review Profile on 2/20/24 that which follows:

"Somehow Tim deleted my last one star review even though it was legit. Do yourself a favor and

don't use Tim Ashford."

94.    Go Gamers aka  unknown post on 2/20/24 stated "Somehow Tim deleted my last one star

review even though it was legit."

95.    Go Gamers stated in the 2/20/24 post "…Do yourself a favor and don't use Tim

Ashford."

96.    Defendants Google, Inc., Alphabet, Inc., Roses Roses aka Rose Thompson and Go

Gamers aka  unknown did not issue an apology, did not retract the reviews and refused to remove

the reviews.

97.    The only one star review was posted by Roses Roses on the Google Business Review

Profile on 3/20/19.

98.    **Non-attorney non-client Defendant Roses Roses aka Rose Thompson admitted that**

**she did not meet Plaintiff and nor has she ever been a client of Attorney Timothy L.**

**Ashford before during or after the Google Review posted on March 20, 2019 as she stated**

in the Amended Request for Admissions Ashford v. Roses Roses CI 20 6915 PAGE 10

QUESTION 23 as she stated that which follows:

"I did not meet attorney Timothy L. Ashford and I am not a client nor have I ever been a

client of Attorney Timothy L. Ashford before during or after the email dated March 19,

2019 to the Office for Counsel for Discipline and the Google Review posted on March 20,

2019."

Responses to Plaintiff's Timothy L. Ashford, PCLLO Amended Request for Admissions

Ashford v. Roses Roses CI 20 6915 PAGE 10 QUESTION 23 in the Lawsuit Timothy L.

Ashford, PCLLO, Timothy L. Ashford v. Roses Roses in the Douglas County District Court

in Omaha, Nebraska case number CI 20 6915.

99.     Non-client non-attorney Defendant Roses Roses aka Rose Thompson admits in her

affidavit 7/13/21 in Timothy L. Ashford v. Roses Roses in the Douglas County District

Court in Omaha, Nebraska case number CI 20 6915 that which follows:

"**My name is Rose Thompson** and I am a resident Houston, Texas. I have resided in Houston
Texas for 30 years.
Andrea Tate, a resident of Omaha, Nebraska is my niece.
**I was upset and wanted to help my niece's family as they tried to resolve those claims with
the insurance companies.**
**I assisted my niece in the filing of a grievance with the Nebraska Bar Association…**
**On March 20, 2019, I posted a review of Plaintiff's business on Google Business Reviews.**
That is the only review I have posted regarding the Plaintiff's business."

100.    The defamatory statement made by non-client non-attorney Roses Roses aka Rose

Thompson was posted from 3/20/19 until 1/8/24 for a total of 1,755 days or 4 years, 9 months

and 19 days.

101.    Roses Roses aka Rose Thompson refused to remove the defamatory statement until the

defamatory statement was removed voluntarily by Google after Plaintiff sent Google a letter

dated 1/8/24 requesting authorities file criminal charges against Google and Roses Roses aka Rose Thompson.

102.    Plaintiff brought this cause of action for defamation for the libelous Internet website postings on the Google Busines Review Profile on March 20, 2019 and reposted and republishes on February 20, 2024. The offending statements damaged Plaintiff's reputation and career in the legal field.

103.    The offending statements were defamatory.

104.    Defendants Google, Inc., and Alphabet, Inc., published the defamatory statements and Defendants,  Roses Roses aka Rose Thompson and Go Gamers aka Unknown posted  the 3/20/19 and the 2/20/24 statements which were made and published with knowledge that they were false or with reckless disregard for the truth or falsity of what was stated, including but not limited, to the following.

105.    Defendants Google, Inc., and Alphabet, Inc., Defendant Roses Roses aka Rose Thompson and Go Gamers aka Unknown were aware the offending statements were false, misleading, and reckless and Defendants had no reason to believe the offending statements were true.

106.    Defendants deliberately intended to convey the impression with the 3/20/19 posting that Plaintiff was "a disheveled, unorganized, unreliable attorney with questionable ethics,"

107.    Defendants deliberately intended to convey the impression with the 2/20/24 posting that the 3/20/19 posting was true:

"Somehow Tim deleted my last one star review even though it was legit. Do yourself a favor and don't use Tim Ashford."

108.    Defendants Roses Roses aka Rose Thompson had a motive to disparage Plaintiffs to extort money from the Plaintiffs.

109.    Defendants had a motive to maintain their web page as the number one web site referral in the world without fact checking.

110.    **Defendants have not corrected the offending statements from the Internet.**

111.    **After Plaintiff sent the Defendants Google, Inc. and Alphabet, Inc. a copy of the letter to prosecute the Defendants for crimes the Defendants Google, Inc. and Alphabet, Inc. promptly removed the 3/20/19 defamatory statement posted by Roses Roses on 3/20/19 sometime after January 2024.**

112.    **Defendants Google, Inc. and Alphabet, Inc.  removed the 3/20/19 defamatory statement posted by Roses Roses on or about 1/8/24.**

113.    **Defendants Google, Inc. and Alphabet, Inc.  published the statement posted by Roses Roses aka Rose Thompson  from 3/20/19 until 1/8/24 for a total of 1,755 days or 4 years, 9 months and 19 days.**

114.    After Plaintiff contacted the Defendants Google, Inc. and Alphabet, Inc. the Defendants removed the 2/20/24 defamatory statement posted by Roses Roses on 2/20/24.

115.    **Defendants Google, Inc. and Alphabet, Inc.  published the statement posted by Go Gamers aka Rose Thompson  from 2/20/24 until approximately 6/15/24 for a total of 116 days without banning or prohibiting Roses Roses aka Rose Thompson from reposting or republication.**

116.    The defamatory matter or statements posted on the Google Business Review Profile was posted, published or spoken of the Plaintiff by Defendants on March 20, 2019 and republished and reposted or spoken of by Defendants on February 20, 2024.

117.    The defamatory matter or statements posted on the Google Business Review Profile which  was published or spoken of the Plaintiff by Defendant Google, Inc. and Defendant

Alphabet, Inc. on March 20, 2019 and republished and reposted or spoken of by Defendant Google, Inc. and Defendant Alphabet, Inc. on February 20, 2024.

GOOGLE DEFAMATORY PUBLICATION

118.    Defendants Google, Inc. and Alphabet, Inc. published the review by non-attorney non-client Defendant Roses Roses aka Rose Thompson on the Google Business Review on March 20, 2019:

"If you are looking for a disheveled, unorganized, unreliable attorney with questionable ethics, he's your man."

119.    Defendants Google, Inc. and Alphabet, Inc. published  a statement posted on the Google Business Review Profile on 2/20/24 that which follows:

"Somehow Tim deleted my last one star review even though it was legit. Do yourself a favor and don't use Tim Ashford."

120.    The only one star review was published on the Google Business Review Profile on 3/20/19.

121.    Non-attorney non-client Defendant Roses Roses aka Rose Thompson admitted in the Amended Request for Admissions Ashford v. Roses Roses CI 20 6915 PAGE 10 QUESTION 23 which follows:

"I did not meet attorney Timothy L. Ashford and I am not a client nor have I ever been a client of Attorney Timothy L. Ashford before during or after the email dated March 19, 2019 to the Office for Counsel for Discipline and the Google Review posted on March 20, 2019."

Amended Request for Admissions Ashford v. Roses Roses CI 20 6915 PAGE 10 QUESTION 23.

15

122.    Non-client non-attorney Defendant Roses Roses aka Rose Thompson admits in her affidavit 7/13/21 in Timothy L. Ashford v. Roses Roses in the Douglas County District Court in the Omaha, Nebraska case number CI 20 6915.

123.    Plaintiff brought this cause of action for defamation for the libelous Internet website postings on the Google Busines Review Profile on Marc h 20, 2019. The offending statements damaged Plaintiff's reputation and career in the legal field.

124.    The offending statements were defamatory.

125.    Defendants knew the 3/20/19 reviews were made and published with knowledge that they were false or with reckless disregard for the truth or falsity of what was stated, including but not limited, to the following.

126.    Defendants was aware the offending statements were false, misleading, and reckless and Defendant had no reason to believe the offending statements were true.

127.    Defendant published and deliberately intended to convey the impression that plaintiff was "a disheveled, unorganized, unreliable attorney with questionable ethics,"

128.    Defendants Google, Inc. and Alphabet, Inc.  had a motive to maintain their web page as the number one web site referral in the world without fact checking;

129.    Defendants have not corrected the offending statements from the Internet.

130.    After Plaintiff sent the Defendants a copy of the letter to the prosecute the Defendants for crimes the Defendants promptly removed the 3/20/19 defamatory statement posted by Roses Roses on 3/20/19  sometime after January 2024.

131.    After Plaintiff contacted the Defendants Google, Inc. and Alphabet, Inc. the Defendants removed the 2/20/24 defamatory statement posted by Roses Roses on 2/20/24.

132.    Defendants Google, Inc. and Alphabet, Inc.  removed the 3/20/19 defamatory statement posted by Roses Roses on 3/20/19.

133.    Defendants Google, Inc. and Alphabet, Inc.  published the statement posted by Roses Roses aka Rose Thompson  from 3/20/19 until 1/8/24 for a total of 1,755 days or 4 years, 9 months and 19 days.

134.    Defendants Google, Inc. and Alphabet, Inc.  published the statement posted by Go Gamers aka Rose Thompson  from 2/20/24 until approximately 6/15/24 for a total of 116 days without banning or prohibiting Roses Roses aka Rose Thompson from reposting or republication.

135.    The defamatory matter or statements were posted on the Google Business Review Profile and was published or spoken of the Plaintiff by Defendant Roses Roses aka Rose Thompson on March 20, 2019 and republished and reposted or spoken of by Go Gamers aka upon information and belief aka Rose Thompson on February 20, 2024.

136.    The defamatory matter or statements posted on the Google Business Review Profile was published or spoken of the Plaintiff by Defendant Google, Inc. and Defendant Alphabet, Inc.  on March 20, 2019 and republished and reposted or spoken of by Defendant Google, Inc. and Defendant Alphabet, Inc.  on February 20, 2024.

OTHER NEBRASKA ATTORNEYS

137.    NEBRASKA ATTORNEY VINCE POWERS IN Ashford v. Tate CI 19 9165 and Ashford v. Roses Roses CI 20 6915 STATES IN HIS AFFIDAVIT IN THAT CASE THAT WHICH FOLLOWS:

I have known Tim Ashford for over 8 years.
I disagree with the opinion in the Google review at issue herein dated March 20, 2019 which stated:
"If you are looking for a disheveled, unorganized, unreliable attorney with questionable ethics,

he's your man."

In my opinion, which I express with a reasonable degree of professional certainty, the Google Review at issue herein dated March 20, 2019 is false. I base my opinion upon my education, training and experience together with my personal knowledge of Tim Ashford.

Further, as a practicing attorney, I believe the comment asserting that he has questionable ethics" is damaging to Mr. Ashford's reputation as an attorney."

138. The Affidavit of Nebraska Attorney Steve Lefler in Ashford v. Tate CI 19 9165

and Ashford v. Roses Roses CI 20 6915 which states:

I disagree with the opinion in the Google review dated March 20, 2019, post stating "If you're looking for a disheveled, unorganized, unreliable attorney with questionable ethics he's your man..." regarding the alleged characteristics of Attorney Timothy L. Ashford in Omaha, Douglas County, Nebraska.

Based upon my personal knowledge of Attorney Timothy Ashford I disagree with the opinion of Roses Roses and it is my opinion that Attorney Ashford has met the standard of care in the American National Insurance Company claim number 26-S-3FU360 and the Progressive Insurance claim number 2778680449. (The Antonio Tate claims.)

BACKGROUND

139.    Non-attorney non-client Andrea Tate, who is the niece of Rose Thompson and who is the

wife of a former client the late Antonio Tate, requested by certified letter December 13, 2018

that Plaintiff remove/cancel Plaintiff's  attorney lien for payment  on one automobile case in the

amount of $2,137.50 and remove/cancel Plaintiff's payment of $3,890.70 in another automobile

case for a total fee of $6,028.20 or Andrea Tate would report me to the bar and write a negative

review in violation of the mail fraud statute.

140.    Andrea Tate sent a certified letter to Plaintiff dated 12/13/18 which states:

"In short, please be advised that this letter serves as formal notice of our intent to file grievance

(s) with the following entities bulleted below if our requests are not complied with by your office

no later than end of business (5PM) on January 10, 2019." "-Nebraska Supreme Court's Office

for Counsel for Discipline"

"To resolve this and mitigate any concerns of false billing and reach an amicable agreement and resolution offer, provided you cancel/remove the lien so that we can agree on reasonable fees and disbursement."

"And will also be providing reviews and comments to all other relevant sites regarding our experience with you."

141.    Andrea Tate, who is the niece of Rose Thompson,  wrote to Plaintiff to REMOVE/CANCEL Plaintiff's attorney lien in the amount of $6,028.20 and she will not report Plaintiff to the bar and write a negative Google review. Plaintiff refused to cancel Plaintiff's attorney lien so Tate  and Roses Roses filed the false bar complaint.

142.    The false negative Google reviews 3/20/19 and 2/20/24 were posted by Roses Roses aka Rose Thompson who is the aunt of Andrea Tate.

143.    The name on the bar complaint is Roses Roses and cc to Andrea Tate.

144.    The Nebraska State Bar complaint filed by Roses Roses was dismissed on July 23, 2024 because the Office for Counsel for Discipline Kent Frobish writes that "I do not want to put Ms. Tate through any additional stress by having to participate in a disciplinary prosecution."

145.    Roses Roses aka Rose Thompson stated in her  admissions that she did not know Plaintiff before she posted the Google Review.

146.    Attorney Timothy L. Ashford, P.C., L.L.O. was retained by the late Antonio Tate who signed the contracts for legal services to represent Antonio Tate and his children in two automobile accidents.

147.    Andrea Tate and Roses Roses aka Rose Thompson were not clients and they are not clients on the contracts for legal services.

148.    The late Antonio Tate was the client.

149.    Plaintiff was in the process of negotiating a settlement of both the automobile claims

when the non-attorney non-client Andrea Tate attempted to inject herself into the negotiations by acting as an attorney for Antonio Tate.

150.    Plaintiff withdrew from the negotiations and the cases because of the continued interference from Andrea Tate and advised all parties of his attorney liens.

151.    Attorney Vince Power's opinion was the withdrawal of Plaintiff was reasonable.

152.    Attorney Lefler's opinion is that Plaintiff met the standard of care for attorneys.

153.    Roses Roses aka Rose Thompson admits she settled the automobile cases.

154.    Tate and Defendant Roses Roses aka Rose Thompson negotiated and settled the automobile cases as if they were attorneys.

155.    Non-attorney non-client Andrea Tate stated in her affidavit that she and her aunt non-attorney non-client Rose Thompson aka Roses Roses negotiated a settlement with the two insurance companies after Plaintiff withdrew from the two automobile cases.

156.    Plaintiff refused to cancel the attorney liens.

157.    Andrea Tate and Roses Roses aka Rose Thompson gave advice or counsel, direct or indirect, to other persons as to the legal rights of those persons, where a relationship of trust or reliance exists between Andrea Tate and the persons to  which such advice or counsel is given. State of Nebraska ex rel. Commission on Unauthorized Practice of Law, Relator v. v. M.A.YAH, doing business as Parental Rights, respondent, 796 N.W.2d 189 (2011); State of Nebraska ex rel. Commission on Unauthorized Practice of Law, Relator v. Billy Roy Tyler, 811 N.W.2d 678 (2012).

158.    Andrea Tate and Defendant Roses Roses reported Plaintiff to the bar and her aunt Roses Roses aka Rose Thompson  wrote a bad false Google negative review after Plaintiff refused to cancel Plaintiff's attorney liens.

159.   After Plaintiff refused to cancel his attorney liens in the total amount of $6,028.20

Andrea Tate, Roses Roses aka Rose Thompson posted a false, fake negative review on Google

Business on March 20, 2019.

160.   The Google review posted on March 20, 2019 has resulted in a loss of business revenue

and lost income from Google internet clients.

161.   Plaintiff has not received a Google client since Tate's aunt Defendant Roses Roses aka

Rose Thompson posted the negative Google review on March 20, 2019.

162.   Google falsely advertised that Defendant Roses Roses aka Rose Thompson was an actual

client who used the legal services of the Plaintiff.

163.   Google falsely advertised that Defendant Roses Roses aka Rose Thompson wrote a

truthful accurate business review of the Plaintiff.

164.   Google falsely advertised that Defendant Roses Roses aka Roses Thompson was an

actual client and wrote a legitimate review when they sent Plaintiff an email stating:

"Google doesn't get involved when merchants and customers disagree about facts, since there's

no reliable way to discern who's right about a particular customer experience."

165.   Google published the defamatory statement without investigation or verification that

Defendant Roses Roses aka Roses Thompson was not an actual client and did not write a

legitimate accurate review.

166.   Google published the defamatory statement from non-client non-attorney Roses Roses

aka Rose Thompson from 3/20/19 until 1/8/24 for a total of 1,755 days or 4 years, 9 months and

19 days although she was not an actual client and did not write a legitimate accurate review.

167.   Plaintiff wrote letters requesting Google is prosecuted.

168.   Google voluntarily removed the defamatory false statement when they received the

January 8, 2024 letters Plaintiff sent requesting legal authorities prosecute Google, Andrea Tate and Roses Roses aka Rose Thompson for criminal activity.

169.    The Plaintiff's prior to the publication of the statement by the defendant was reputed, esteemed, and accepted by and among his peers and others to whom Plaintiff was known to be a good honest person and have never been guilty of, or until the time of the publication, printing, and publishing of the false scandalous malicious and defamatory words by Defendants, been suspected of any charge of the allegations imputed to Plaintiff by defendants.

170.    Plaintiff was employed as an attorney and worked in the position of the attorney at all times. Plaintiff continues to work as an attorney.

171.    Defendant willfully and maliciously wrote the statement twice that was published by the Defendant Google profile and read by millions of individuals on the world wide internet.

172.    Defendants published the defamatory statement, which was printed and published by the defendant and understood and intended to be understood by readers of the Google Business Profile which was in every particular false, misleading, defamatory, unprivileged and without legal excuse.

173.    The statements impute to Plaintiff characteristics which Plaintiff does not have and injured and continues to injure Plaintiff and Plaintiffs good name reputation and business.

174.     Plaintiff has sustained damages as a result of the printing and publication of the defamatory statement by Roses Roses when defendants defamatory statement was printed, published and circulated by defendant with express and implied malice and with design and intent to injure Plaintiffs and Plaintiffs good name, reputation and employment as an attorney and for this reason Plaintiffs asked exemplary damages and punitive damages in an amount determined by the court.

ASHFORD V. ROSES ROSES

175.    Defendant Google demanded that Plaintiff obtain a court order to remove the defamatory statement made by Roses Roses and the defamatory statement would only .

176.    Defendant Google immediately removed the posts on 1/8/24 without a court order after the Plaintiff requested the prosecuting authorities file charges against Google and Roses Roses.

177.    Plaintiff requested Judge W. Russell Bowie recuse himself in the case because Plaintiff personally sued Bowie for racial discrimination. Bowie refused and dismissed Plaintiff's case.

178.    Plaintiff  had no alternative but to file the Roses Roses and  Tate case which states: "On this record, Ashford has not overcome the presumption of judicial impartiality. **As we read the district court's order, the only ground Ashford asserted for recusal was that he had previously sued the trial judge in a federal lawsuit challenging the appointment process for criminal defense counsel in Douglas County.** Because that lawsuit had been resolved several years earlier on procedural grounds and was no longer pending, the judge found there was no reason to recuse himself. On this record, we cannot find the judge abused his discretion. **Ashford does not direct us to any evidence suggesting the trial judge was biased against him as a result of the prior litigation, and we see nothing that would cause a reasonable person who knew the circumstances of the federal lawsuit to question the judge's impartiality to preside over an unrelated matter involving Ashford several years later. TIMOTHY L. ASHFORD, PC LLO, and Timothy L. Ashford, v. Roses ROSES, 313 Neb. 302 (2023)**

179.    The reasonable persons were the President of the local Omaha NAACP at that time and two community activists who signed affidavits stating Bowie had a conflict and should resign.

180.    Affidavit of  T. Michael Williams Affidavit dated August 1, 2022 which stated: I (T. Michael Williams) am president of the Omaha Chapter of the NAACP.

181.    Affidavit of Paul Feilmann dated July 29, 2023.

182.    Affidavit of William Perkins dated July 29, 2023.

183.    THE AFFIDAVITS OF T. MICHAEL WILLIAMS, PAUL FEILMAN AND WILLIAM PERKINS (7/29/23) STATED ESSENTIALLY THAT WHICH FOLLOWS:
African American Attorney Timothy L. Ashford filed a racial discrimination lawsuit against Douglas County and Judge W. Russell Bowie. 16-3366 (Ashford v. Douglas County 8:15CV8 (2015) Eighth Circuit Court of Appeals 16-3366, 880 F.3d 990 (2018 8th Cir.) Douglas County District Court Judge W. Russell Bowie has a conflict of interest in the defamation case of Ashford v. Roses S-21-807 as a judge deciding the personal defamation case of Attorney Ashford because Bowie was sued by Attorney Ashford.
The failure of W. Russell Bowie to recuse himself does not avoid the appearance of impropriety, does not promote judicial fairness and independence.
As a member of the community the failure of W. Russell Bowie to recuse himself in Attorney Ashford's personal case appears improper. I have received nothing of value for signing this affidavit.
This affidavit is based on my personal knowledge of the facts as I know them that the failure of W. Russell Bowie to recuse himself creates a strong appearance of impropriety and another judge should be appointed in the case to promote confidence in the judicial court system.

184.    The court ruled the trial court filings which appeared in the record and affidavits which stated that there was a conflict were not proper subjects of judicial notice. Ashford, v. Roses ROSES, 313 Neb. 302 (2023)

185.    Although a judge does not need affidavits to recuse himself, the Nebraska Supreme Court ignored in the Roses Roses ruling  the Nebraska Revised Code of Judicial Conduct § 5-302.11

186.    The  Nebraska Revised Code of Judicial Conduct § 5-302.11 Disqualification. A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances: The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

187.    Plaintiff sued judge W. Russell Bowie therefore there was a conflict and a personal bias which could never be erased.

188.    Judge Bowie intentionally dismissed the case and the action therefore stood dismissed as a matter of law as against Roses Roses and was not dismissed on the merits. TIMOTHY L. ASHFORD, PC LLO, and Timothy L. Ashford, v. Roses ROSES, 313 Neb. 302 (2023). Timothy L. Ashford v. Douglas County, 880 F.3d 990 (2018 8th Cir.).

189.    The Court erroneously stated the unrelated matter involving Ashford several years later was Timothy L. Ashford v. Douglas County, 880 F.3d 990 (2018 8th Cir.).

190.    The racism was evident because of the response to Plaintiff's article written (3/7/14) in the Omaha Star "Is the Douglas County Court System Racist?" the Nebraska Supreme Court sent a letter to Plaintiff dated March 12, 2014 and the Douglas County Court sent a letter dated March 11, 2014.

191.    As a direct result of the lawsuit against Bowie and articles approximately 10 black attorneys, who previously had not received court appointments, were immediately placed on the non-murder attorney list to receive court appointments and attorney fees in the Douglas County Court as a direct result of the lawsuit against Bowie and the other Douglas County Court judges. (16-3366)  Timothy L. Ashford v. Douglas County, 880 F.3d 990 (2018 8th Cir.).

192.    The Nebraska court erred because affidavits in the Roses Roses case  are not necessary for recusal because the United States Supreme Court Justice Neil Gorsuch recently recused himself in a case dealing with a western railway line after Democratic lawmakers called attention to the fact that a longtime ally of his could benefit from the court's decision. Seven County Infrastructure Coalition, et al., Petitioners v. Eagle County, Colorado, et al. U.S. Supreme Court case numbers 22-1019, 22-1020.

193.    Judge Bowie has recused himself on every subsequent case involving Plaintiff since the Roses Roses case.

THE COMMUNICATIONS DECENCY ACT  (CDA) DOES NOT APPLY!

194.   The Communications Decency Act (CDA) does not grant immunity for the Defendants individuals who post and violate the law by attempting to extort Plaintiff.

195.   The CDA does not grant immunity to Google because Plaintiff alleges Roses Roses aka Rose Thompson and Andrea Tate  attempted to extort the Plaintiff in in violation of 18 U.S.C. § 876  and 18 U.S. Code § 1341 by demanding the Plaintiff remove/cancel his attorney lien.

196.   The CDA does not grant immunity to Google for any crimes committed by any users of the Google website.

197.   Google posted the extortion attempt of Roses Roses aka Rose Thompson aka Go Gamers without a requirement that the posting was a true business review by actual customers who used the legal services of Timothy L. Ashford which caused a loss of business from 3/19/19 until the present.

198.   The review was posted by Roses Roses on the Google Business Review because Plaintiff refused to pay the extortion by relinquishing his attorney lien in the total amount  of $6,028.20 as demanded in the 12/13/18 extortion letter of Roses Roses aka Rose Thompson and Andrea Tate in violation of 18 U.S.C. § 876  and 18 U.S. Code § 1341.

199.   Defendants reposting of the defamatory statement on 2/20/24 is the exception to the single publication rule, under which multiple disseminations of the same content give rise to only one cause of action for libel, slander, or other tort, is "republication," giving rise to a new cause of action that restarts the statute of limitations; republication occurs upon a separate aggregate publication from the original, on a different occasion, which is not merely a delayed circulation of the original edition.

200.    Defendant non-client non-attorney Roses Roses aka Rose Thompson posted on the

Google Business Review Profile on March 20, 2019 that which follows:

"If you are looking for a disheveled, unorganized, unreliable attorney with questionable ethics,

he's your man."

201.    Go  Gamers posted that which follows on 2/20/24:

"Somehow Tim deleted my last one star review even though it was legit. Do yourself a favor and

don't use Tim Ashford."

202.    The only one star review on the Google Business Review Profile was posted by

Defendant non-client non-attorney Roses Roses aka Rose Thompson on 3/20/19.

203.    Plaintiff's promissory estoppel claim based on internet service provider's promise to

remove from its website the defamatory posting by Roses Roses means the court will not treat

Defendant provider Google as "publisher," and thus the theory of recovery is not barred by

Communications Decency Act; because Plaintiff's asserted liability did not derive from

provider's publishing conduct, but from its manifest intention to be legally obligated to do

something as soon as the 3/20/19 defamatory statement was published. Communications

Decency Act of 1996, § 509(c)(1), 47 U.S.C.A. § 230(c)(1). Barnes v. Yahoo, 570 F. 3d 1096

(9th Cir. 2009).

204.    CDA immunity does not derive from publishing conduct, but from its manifest intention

to be legally obligated to do something. Barnes v. Yahoo, 570 F. 3d 1096  (9th Cir. 2009).

205.    The CDA does not apply because provisions of Communications Decency Act barring

courts from treating certain internet service providers as publishers or speakers does not declare a

general immunity from liability deriving from third-party content. Communications Decency Act

of 1996, § 509(c), 47 U.S.C.A. § 230(c). Barnes v. Yahoo, 570 F. 3d 1096  (9th Cir. 2009).

206.    The name of the cause of action is irrelevant; what matters is whether the cause of action inherently requires the court to treat the defendant Google as the "publisher or speaker" of content provided by another. Communications Decency Act of 1996, § 509(c). Barnes v. Yahoo, 570 F. 3d 1096  (9th Cir. 2009).

207.    Google spoke on behalf of Tate and Defendant Roses Roses aka Roses Thompson when they published the 3/20/19 and the 2/20/24 posts which state: "Google doesn't get involved when merchants and customers disagree about facts, since there's no reliable way to discern who's right about a particular customer experience."

208.    This was not a free speech issue because Google immediately removed the 3/20/19 post when Google received the 1/8/24  letter requesting the authorities prosecute Google.

209.    The repetition of a defamatory statement is a separate statement. Each defendant must be punished for their wrongdoing.

210.    Each repetition of a defamatory statement is in itself a "publication," that is, a separate cause of action. DiGiorgio Corporation v. Valley Labor Citizen, 260 Cal.App.2d 268 (1968).

211.    Special damages" for libel must be such as would compensate plaintiff for losses suffered in respect of his property, business, trade, profession, or occupation.  West's Ann.Civ.Code, § 48a. DiGiorgio Corporation v. Valley Labor Citizen, 260 Cal.App.2d 268 (1968).

212.    "General damages" for libel must compensate plaintiff for actual detriment incurred, i. e., loss of reputation, shame, mortification, and hurt feelings. West's Ann.Civ.Code, § 48a. DiGiorgio Corporation v. Valley Labor Citizen, 260 Cal.App.2d 268 (1968).

213.    Punitive damages for libel must be awarded to punish the defendant for his own wrongdoing, not the wrongful action of someone else, not even his own agent or employee.

West's Ann.Civ.Code, § 48a. DiGiorgio Corporation v. Valley Labor Citizen, 260 Cal.App.2d 268 (1968).

214.    **Genuine issue of material fact, as to whether second publication of allegedly defamatory statements on a website was sufficiently different from the original publication to constitute republication, and thus whether three-year statute of limitations began to run at time of second publication under the republication exception to the single publication rule, precluded summary judgment in favor of publisher of statements on website in defamation action. Woodhull v. Meinel, 145 N.M. 533, 202 P.3d 126  (2008).**

215.    The false statements made by Roses Roses and Go Gamers are not qualifiedly privileged and are actionable because the defendant was motivated in making the

alleged defamatory statements **by spite or ill-will, a state of mind that is referred to as common law malice. See Foster v. Churchill, 87 N.Y.2d 744, 642 N.Y.S.2d 583, 665 N.E.2d 153, 157 (1996). Watson v. NY DOE 1, 439 F.Supp.3d 152 (2020).**

216.    Roses Roses aka Rose Thompson stated she was upset when she was involved in this case in her affidavit in CI 20 6915.

## ANTI-SLAPP DOES NOT APPLY

217.    The anti-slapp does not apply because the defamatory statement was false.

218.    The anti-slapp does not apply because defamatory statement was not a statement which relates to an issue of public interest, the Plaintiff is not a person or entity in the public eye,  the defamatory statement does not affect a large number of people,  and the statement did not contribute to debate on a topic of widespread public interest.

219.    THE FALSE NEGATIVE GOOGLE BUSINESS REVIEW ON MARCH 20, 2019 IN WAS AN ATTEMPT TO EXTORT PLAINTIFF:

220.    "I (Rose Thompson also known as Roses Roses) did not meet attorney Timothy L. Ashford and I am not a client nor have I ever been a client of Attorney Timothy L. Ashford before during or after the email dated March 19, 2019 to the Office for Counsel for Discipline and the Google Review posted on March 20, 2019." Ashford v. Roses Roses CI 20 6915 PAGE 10 QUESTION 23.

221.    ROSE THOMPSON ADMITS IN HER AFFIDAVIT IN CI 20 6915 THAT SHE IS ROSES ROSES (¶ 12), THAT SHE POSTED THE MARCH 20, 2019 REVIEW(¶ 8) AND THAT SHE WAS UPSET(¶ 6).

222.    The anti-slapp does not apply because Roses Roses was motivated by spite or ill-will when she posted the 3/20/19 defamatory statement which is a state of mind that is referred to as common law malice. See Foster v. Churchill, 87 N.Y.2d 744, 642 N.Y.S.2d 583, 665 N.E.2d 153, 157 (1996). Watson v. NY DOE 1, 439 F.Supp.3d 152 (2020).

FIRST THEORY OF RECOVERY
DEFAMATION

223.    Plaintiffs restate and repeat each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

224.    Defendants published defamatory statements regarding the Plaintiff.

225.    The Google Business Review Profile website claimed that the Plaintiff was a disheveled, unorganized, unreliable attorney and had questionable ethics, when Google published the statement from 3/20/19 until 1/8/24 for a total of 1,755 days or 4 years, 9 months and 19 days, and February 20, 2024 until an unknown date it stated:

"If you are looking for a disheveled, unorganized, unreliable attorney with questionable ethics, he's your man."

226.    Go  Gamers posted that which follows on 2/20/24 until months later

25

"Somehow Tim deleted my last one star review even though it was legit. Do yourself a favor and don't use Tim Ashford."

227.    That the above statements were false and did constitute both libel per se and slander per se.

228.    That it was an intentional publications of false reviews;

229.    Those reviews are false;

230.    Those reviews are unprivileged;

231.    Those reviews have a natural tendency to injure or causes "special damage;" and,

232.    The defendant's fault in publishing and posting the statement amounted to at least negligence.

233.    As the result of the false assertions set forth above, which defamed the Plaintiff, Plaintiff suffered damages including medical bills, loss of wages, humiliation, inconvenience, mental anguish, loss of earning capacity and damage to his reputation.

234.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly compensate the Plaintiffs together with the costs of this action and such other and further relief as the Court deems just.

SECOND THEORY OF RECOVERY
FALSE LIGHT

235.    PLAINTIFFS restate and repeat each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

236.    The Defendant acting through its employees, agents and/or officers did give publicity to a matter concerning the Plaintiff that placed him before the public in a false light.

237.    Further, the false light in which the Plaintiff was placed

was highly offensive to a reasonable person and the Defendants had knowledge

of or acted in a reckless disregard as to the falsity of the publicized matter and

the false light in which the Plaintiff would be placed.

238.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and

justly compensate him together with the costs of this action and such other and

further relief as the Court deems just.

## THIRD THEORY OF RECOVERY
## FALSE LIGHT

239.    Plaintiffs restate and repeat each and every allegation contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

240.  Defendants' statements posted on the aforementioned website placed the

Plaintiffs before the public in a false light.

241.    Defendants' review posted and published on the aforementioned Google site are "highly

offensive to a reasonable person."

242.    Defendants' are at fault and knew or were in reckless disregard as to the falsehood of

their statements above.

243.    As a direct and proximate result of Defendants' statements and publications above,

Plaintiffs have been and will continue to be damaged and injured in their respective characters

and reputations.

244.  WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly

compensate the Plaintiffs together with the costs of this action and such other and

further relief as the Court deems just.

## FOURTH THEORY OF RECOVERY

245.    Plaintiffs  restate and repeat each and every allegation contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

246.    The Defendants acting through its employees, agents and/or officers

did give publicity to a matter concerning the Plaintiff that placed him before the public in a false

light. Further, the false light in which the Plaintiff was placed was highly offensive to a

reasonable person and the Defendants had knowledge of or acted in a reckless disregard as to the

falsity of the publicized manner and the false light in which the Plaintiff would be placed.

247.    The Defendant did act in concert with other persons including all employers and

employees of Google and Roses Roses and Go Gamers in order to commit the aforementioned

acts.

248.    The Defendant Google was in a joint venture with and had an express or implied

agreement to engage with Roses Roses and Go Gamers in the website known as Google.

249.    The Defendants had a mutual interest in the benefits of the activity and had equal

authority to control the performance of the business activity even if one or more of them gave up

or never exercised that authority.

250.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly

compensate the Plaintiffs together with the costs of this action and such other and

further relief as the Court deems just.

FIFTH THEORY OF RECOVERY

251.    Plaintiffs restate and repeat each and every allegation contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

252.    The Defendants in the creation, maintenance and use of the aforementioned website.

gave express or an implied agreement to enter into the undertaking

of using said website.

33

253.    The Defendants had a common purpose to be carried out by the use of the website and had a common interest in the benefits of the undertaking and both had equal authority to control the performance of the website even if one or both of them gave up or never exercised that authority.

254.              WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly compensate the Plaintiffs together with the costs of this action and such other and further relief as the Court deems just.

SIXTH THEORY OF RECOVERY
PROMISSORY ESTOPPEL

255.    PLAINTIFFS restate and repeat each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

256.    The Defendants undertook an implied or an agreed promise and they were negligent and in reckless disregard of their duties as a paid website to remove all false statements by individuals who were not actual customers of the business or individuals who were angry at the business or criminal activity or alleged criminal activity from their website.

257.    The Communications Decency Act must decide whether the cause of action inherently requires the court to treat the defendant as the "publisher or speaker" of content provided by another.

258.    That internet service provider undertook to remove from its website any and all criminal activity but did so negligently and this duty that was violated is derived from Defendant provider's conduct as publisher to remove all  false statements by individuals who were not actual customers of the business or individuals who were angry at the business or criminal activity and/or attempted activity from the website

259.    Promisor Defendant Google, as a reasonable website had a duty which was violated derived from provider's conduct as publisher to remove all all false statements by individuals who were not actual customers of the business or individuals who were angry at the business or criminal activity and/or attempted activity from the website.

260.    The Promisor publisher was negligent or in reckless disregard for failing to determine and foresee the statement would induce conduct and damage which occurred;

261.    Plaintiff  and the general public had an actual reliance on promise to prevent the misuse of the website by the Defendants and the Defendant Google had a change in position after the detriment to the Plaintiff's business and a report to the prosecuting authorities.

262.    The Plaintiff alleges the Defendant breached the promissory estoppel theory  which is based on the breach of contract of Google Defendant which was breached because of the Google implied contract that they would remove all false statements made by non-clients and criminal activity and/or attempted activity from any person from the website.

263.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly compensate the Plaintiffs together with the costs of this action and such other and further relief as the Court deems just.

SEVENTH THEORY OF RECOVERY
PROMISSORY ESTOPPEL

264.    Plaintiffs restate and repeat each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

265.    The Defendant Google  internet service provider's promise to remove from its website all criminal activity or attempts at criminal activity

266.    The Defendant failed, neglected and intentionally denied their manifest intention to be legally obligated to do something and to remove all criminal activity or attempts at criminal activity from their website.

267.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly compensate the Plaintiffs together with the costs of this action and such other and further relief as the Court deems just.

EIGHTH THEORY OF RECOVERY
FALSE ADVERTISING

268.    Plaintiffs restate and repeat each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

269.    Defendant Google falsely advertised that Roses Roses was a client of Plaintiff.

270.    The Defendant falsely advertised that Roses Roses posted a truthful actual business review.

271.    The Defendant failed, neglected and intentionally refused to allow only clients to post actual accurate truthful business reviews and falsely advertised that all reviews were legitimate actual business reviews posted by actual clients.

272.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly compensate the Plaintiffs together with the costs of this action and such other and further relief as the Court deems just.

NINTH THEORY OF RECOVERY
NEGLIGENCE

273.    Plaintiffs restate and repeat each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

274.    The Defendant failed, neglected and intentionally refused to allow only clients to post actual accurate truthful business reviews and published the aforementioned reviews as if the two reviews were legitimate actual business reviews posted by actual clients.

275.    Defendant Google published the statement maliciously with knowledge of its falsity, negligently or with reckless disregard for the truth.

276.    The defamatory statement, which does not state Roses Roses aka Rose Thompson was an actual client of Plaintiff which was posted by Roses Roses aka Rose Thompson and which was published by Google from the time period from 3/20/19 until 1/8/24 was published with reckless disregard for the truth.

277.    The defamatory statement on its face does not state Roses Roses aka Rose Thompson used the legal services of Plaintiff which was published by Google from the time period from 3/20/19 until 1/8/24.

278.    The defamatory review on its face posted by Roses Roses aka Rose Thompson does not state Roses Roses aka Rose Thompson ever met Plaintiff, was ever a client of Plaintiff and ever used the legal services of the Plaintiff.

279.    The Defendant failed, neglected and intentionally refused to investigate the truthfulness of the defamatory statement and maliciously with knowledge of its falsity or with reckless disregard for the truth published the Roses Roses business review as if it was an actual review.

280.    The Defendant failed, neglected and intentionally refused to investigate the truthfulness of the defamatory statement and maliciously with knowledge of its falsity or with reckless disregard for the truth published the Go Gamers business review as if it was an actual review.

281.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly compensate the Plaintiffs together with the costs of this action and such other and

further relief as the Court deems just.

TENTH  THEORY OF RECOVERY
EMOTIONAL DISTRESS

282.    PLAINTIFFS restate and repeat each and every allegation contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

283.    Defendant published the statements maliciously with knowledge of its falsity or with

reckless disregard for the truth.

284.    Defendants upper management were involved in the inadequate investigation and the

decision to publish said statement of Defendant and expressly authorized the statement.

285.    Defendants false statements injured Plaintiffs reputation among the general public

causing severe emotional distress, humiliation and embarrassment and caused special damages in

the form of lost income.

286.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and

justly compensate the Plaintiffs together with the costs of this action and such other and

further relief as the Court deems just.

ELEVENTH  THEORY OF RECOVERY

287.    PLAINTIFFS restate and repeat each and every allegation contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

288.    Defendant knew or should have known the statement concerning Plaintiff was false,

made without reasonable grounds for belief in its truth, and without a reasonably adequate

investigation.

289.    Defendant published the statement maliciously with knowledge of its falsity or with

reckless disregard for the truth.

38

290.    Defendants upper management were involved in the inadequate investigation and the decision to publish said statement of Defendant and expressly authorized the statement.

291.    Defendants false statements injured Plaintiffs reputation among the general public causing severe emotional distress humiliation and embarrassment and caused special damages in the form of lost income.

292.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly compensate the Plaintiffs together with the costs of this action and such other and further relief as the Court deems just.

## TWELTH  THEORY OF RECOVERY

293.    PLAINTIFFS restate and repeat each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

294.    Defendants Google violated their own policies, procedures and the standards for websites which prohibit and remove defamatory postings and to remove from its website criminal activity or alleged criminal activity from their website.

295.    Defendants admits by removing the defamatory statement after the Plaintiff notified Defendants Plaintiff contacted the prosecuting authorities on 1/8/24 that Defendants violated their own policies, procedures and the standards for posting for websites from  3/20/19 until approximately 1/8/24 for a total of 1,755 days or 4 years, 9 months and 19 days and from at least 2/20/24 until an unknown date by the Defendants

296.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly compensate the Plaintiffs together with the costs of this action and such other and further relief as the Court deems just.

THIRTEENTH  THEORY OF RECOVERY

297.    Plaintiffs restate and repeat each and every allegation contained in the preceding

paragraphs of this Complaint as if fully set forth herein.

298.    Defendants statements posted on the aforementioned Google Business Review are

defamatory per se, libel per se and slander per se.

299.    Defendants published or caused these defamatory statements to be published by posting

said false statements on the Google business review.

300.    Defendants published or caused these defamatory statements that Plaintiffs have

disreputable business practices to be published by posting said false statements on the Google

business review because Plaintiffs refused to be extorted by Defendants by refusing to

cancel/remove Plaintiffs' attorney lien in the amount of $6,028.20

301.    Defendants false and defamatory statements were of and concerning Plaintiffs and

contained the false statements that Plaintiffs had disreputable business practices. Defendants

false and defamatory statements were published with the intent to harm Plaintiff's good names

and reputations by falsely accusing Plaintiffs of being disreputable.

302.    Defendants published these false and defamatory statements with actual malice and

knowledge that the statements were false, or with reckless disregard of whether they were false

or not and based upon the fact Plaintiff would not cancel his attorney lien.

303.    Defendants continue to engage in the publication of further defamatory statements by

failing to remove the false statements.

304.    Since their posting, the false and defamatory statements published by Defendants

regarding Plaintiffs have remained available to millions of Internet users, many of whom may

have made copies of the false and defamatory statements and/or distributed them by electronic

mail or other means and/or re-posted them, Internet forums, and message boards, and Plaintiffs have no means of removing these false and defamatory statements from the Internet.

305.    In carrying out the aforementioned conduct, Defendants acted negligently, willfully, maliciously, and/or with reckless indifference to the consequences of their actions against Plaintiffs .

306.    As a direct and proximate result of Defendants intentional and malicious publication of false and defamatory statements, Plaintiffs have been and will continue to be damaged and injured in their respective character and reputation.

307.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly compensate the Plaintiffs together with the costs of this action and such other and further relief as the Court deems just.

FOURTHTEENTH  THEORY OF RECOVERY

308.    Plaintiffs restate and repeat each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

309.    Defendants by and through the making of such false, defamatory, and libelous statements, behaved intentionally and/or recklessly.

310.    Defendants, by and through the making of such false, defamatory, and libelous statements, intended to cause emotional distress upon Plaintiffs.

311.    Defendants, by and through the making of such false, defamatory, and libelous statements, intended to cause emotional distress upon Plaintiffs because Plaintiffs refused to be extorted by Defendants by refusing to cancel/remove Plaintiffs' attorney lien in the amount of $6,028.20.

312.    Defendants Google published the defamatory statement from non-client non-attorney

Roses Roses aka Rose Thompson from 3/20/19 until sometime after 1/8/24 for a total of 1,755 days or 4 years, 9 months and 19 days.

313.    The publication and making of such false, defamatory, and libelous statements, by Defendants, was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

314.    Plaintiffs have suffered and continue to suffer severe emotional distress and emotional injury.

315.    Defendants aforementioned actions were the direct and proximate cause of such severe emotional distress and emotional injury to Plaintiffs.

316.    Plaintiffs suffered and continue to suffer mental anguish as a result of being defamed and libeled by Defendants, and said mental anguish is of a nature that no reasonable person could be expected to endure.

317.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly compensate the Plaintiffs together with the costs of this action and such other and further relief as the Court deems just.

FIFHTEENTH  THEORY OF RECOVERY

318.    PLAINTIFFS restate and repeat each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

319.    Defendant published the statements maliciously with knowledge of its falsity or with reckless disregard for the truth.

320.    Defendants failed, neglected and intentionally refused to correct the  defamatory statement made maliciously with knowledge of its falsity or with reckless disregard for the truth

42

and the Defendants have failed to correct the defamatory statement by publishing retractions or corrections in all places where the defamatory statement was published or made.

321.    Plaintiff is still damaged by the failure, neglect and the Defendants intentionally refusing to correct the  defamatory statements.

322.    Defendant's false statements injured Plaintiffs reputation among the general public causing severe emotional distress, humiliation and embarrassment and caused special damages in the form of lost income.

323.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly compensate the Plaintiffs together with the costs of this action and such other and further relief as the Court deems just.

## SIXTEENTH  THEORY OF RECOVERY

324.    PLAINTIFFS restate and repeat each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

325.    Defendant published the statements maliciously with knowledge of its falsity or with reckless disregard for the truth.

326.    Defendants failed, neglected and intentionally refused to ban and prohibit Roses Roses Roses aka Rose Thompson and Go Gamers aka  unknown from posting defamatory statements and reviews on the Google web site.

327.    Plaintiff is still damaged by the failure, neglect and the Defendants intentionally refusing to ban the  defamatory statements.

328.    Defendant's false statements injured Plaintiffs reputation among the general public causing severe emotional distress, humiliation and embarrassment and caused special damages in the form of lost income.

329.    WHEREFORE Plaintiffs seek damages in an amount, which will fairly and justly compensate the Plaintiffs together with the costs of this action and such other and further relief as the Court deems just.

330.    Plaintiff has incurred medical expenses, plaintiff will incur future medical expenses, plaintiff experience extreme physical pain and suffering and mental anguish and distress, plaintiff has lost wages, plaintiff will suffer a loss of future wages and playing this future earning capacity has been severely diminished.

331.    As a proximate result of the above mentioned conduct, Plaintiff suffered damages. Plaintiff suffered a loss of Reputation and other harm, including, but not limited to, emotional distress, humiliation, powerlessness, frustration, and anger. Plaintiff suffered discredit in the legal profession. Plaintiffs reputation and credibility were damaged by viewing these damaging statements on the worldwide Internet impacting his present earnings and his future earnings.

332.    In addition, Defendants conduct as described was done with the conscious disregard of the rights of Plaintiff and was done with the intent to injure Plaintiff's reputation. Defend his actions constitute oppression, fraud and/or malice entitlement P stoplaintiff to an award of punitive damages in an amount appropriate to punish or set an example of the defendants to be determined at trial.

333.    WHEREFORE Plaintiff seeks damages in an amount, which will fairly and justly compensate her together with the costs of this action and such other and further relief as the Court deems just.

334.    As part of the effort to restore Plaintiffs reputation, Plaintiff demands Defendant remove all Internet offending statements about Plaintiffs, post a correction and apology on all websites where Defendants posted offending statements, state the correction and apology in all chat rooms

in which the Defendants disparage Plaintiff and damaged Plaintiffs reputation. The form of the correction and apology is to be in the form approved by the court.

335.   Under the  Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

336.   Wherefore, Plaintiffs requests judgment and relief against Defendants on all of Plaintiffs claims as follows:

General damages,

Special damages,

A ban of Defendants from posting any reviews of Plaintiff,

Loss of earnings and loss of future earning capacity,

For a correction and an apology from all defendants

Punitive damages,

An injunction to prevent the Defendants from posting anything regarding the Plaintiff

in the future.

The costs of this suit and such other relief as the court deems just and proper.

Plaintiff demands a jury trial.

Dated this 17th day of February, 2025.

Respectfully Submitted,
Timothy L. Ashford,
Timothy L. Ashford, P.C.L.L.O.
By: S/Timothy L. Ashford/
Timothy L. Ashford, #19687
P.O. Box 386
Omaha, Nebraska 68102
(402) 660-5544
Attorney for the Plaintiffs

Plaintiffs demand a jury trial.

46