UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD,<br>TIMOTHY L. ASHFORD, P.C.L.L.O.<br><br>Plaintiff,<br><br>vs.<br><br><br>GOOGLE, INC.<br>ALPHABET, INC.<br>ROSES ROSES aka ROSE THOMPSON,<br>GO GAMERS aka UNKNOWN,<br>JOHN DOES, 1-1000,<br>JANE DOES, 1-1000,<br><br>Defendants. | ) CASE NO.  8:25 CV 284<br>)<br>)<br>)<br>)       BRIEF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Comes now the Plaintiffs  Timothy L. Ashford and Timothy L. Ashford, P.C., L.L.O.

("Plaintiffs") and files this Motion to Dismiss this Duplicate Filing 8:25 CV 284 and U.S.

Supreme Court case law and to dismiss the duplicative removal motion 8:25 CV 284 Doc. #1

filed by the Defendants  and to investigate the filings for ethical violations for the reasons which

follow:

INTRODUCTION

ENCLOSED IS THE AFFIDAVIT OF COUNSE IN SUPPORT OF THIS MOTION TO

DISMISS, THE MOTION TO REMOVE THE STAY AND THE COURT'S DUTY TO

INVESTIGATE ANY RULE 11 VIOLATIONS. (EX. 4)

I.    PLEASE EXPLAIN THE REASON THAT GOOGLE, ET AL IS ALLOWED BY THIS

COURT TO FILE A DUPLICATE CASE FILING 8:24 CV 284/8:25 CV 95 BUT FEDERAL

COURTS DISMISS EVERY DUPLICATE CASE FILING BY PRO SE LITIGANTS AND

SANCTION, BAN OR ADMONISH PRO SE LITIGANTS FOR THEIR DUPLICATE

FILINGS YET GOOGLE HAS NOT HAD THEIR DUPLICATE FILING 8:25 CV 284

DISMISSED.

Just as the federal court  will dismiss duplicative filings by pro se criminal litigants this

court must also dismiss "a duplicative action, 8:25 CV 284 arising from the same series of events

and alleging many of the same facts as an earlier suit 8:25 CV 95 as frivolous or malicious" so

that Google can receive the same treatment from the courts as the Pro Se litigants who file

duplicative actions. Flores v. California Highway Patrol, et al. 2025 WL 934441.

Federal courts dismiss duplicative cases as frivolous and admonish the litigants for filing

such duplicative actions. Emrit v. Musk, 2025 WL 215220

II.   PLEASE EXPLAIN THE REASON THAT GOOGLE, ET AL. FILED THE DUPLICATE

CASE FILING 8:25 CV 284 AND STAY  CI 25 1226 IN VIOLATION OF RULE 11 AND U.S.

SUPREME COURT CASE  WHICH ALLOWS CONCURRENT AND PARALLEL CASE

FILINGS 8:25 CV 95/CI 25 1226.

The Defendant violated the rule that the pendency of an action in state court CI 25 1226

is no bar to proceedings concerning the same matter in federal court having jurisdiction 8:25 CV

95. Doc. 1 Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517

(2005). Colorado River Water Conservation District, et al.  v. U.S., 96 S. Ct. 1236 (1976).

Tafflin, et al v. Levitt, 110 S. Ct. 792 (1990).

III.   PLEASE EXPLAIN THE REASON THAT DEFENDANT GOOGLE, ET AL. FILED

DOCUMENTS THAT THE FEDERAL COURT HAS  EXCLUSIVE JURISDICTION OF

8:25 CV 95/CI 25 1225 WHEN THE FEDERAL COURT DO NOT HAVE EXCLUSIVE

JURISDICTION OF THIS CASE WHICH IS NOT A CASE INVOLVING THE EXCLUSIVE

JURISDICTION OF FEDERAL COURTS SUCH AS PATENTS AND TERRORISM.

The removal 8:25 CV 284 and stay filed in CI 25 1226 by the Defendants is frivolous, malicious and fraudulent because the federal court does not have exclusive jurisdiction of CI 25 1226/8:25 CV 95. Riggi v.  Rose, 2025 WL 1080730

Unless Congress includes in a statute an explicit statement vesting jurisdiction exclusively in federal court state courts may presume that they share jurisdiction concurrently with federal courts over a federal cause of action. Donnelly v. Yellow Freight System, Inc. 874 F.2d 402 (1989).

IV.     RULE 11 WAS VIOLATED BECAUSE DEFENSE COUNSEL HAS NO CASE LAW FOR THEIR REMOVAL  OF 8:25 CV 284 AND DEFENSE COUNSEL CAN NOT MAKE A GOOD FAITH LEGAL ARGUMENT FOR AN EXTENSION, MODIFICATION OR REVERSAL OF EXISTING U.S. SUPREME COURT CASE LAW WHICH ALLOWS CONCURRENT OR PARALLEL CASES 8:25 CV 95/CI 25 1226.

The purpose of the Rule 11 requirement that parties appearing before the court are obligated to confirm the existence and validity of the legal authorities on which they rely is to deter baseless filings in district court. Fed. R. Civ. P. 11. Sanders v. The United States, 2025 WL 957666. Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005). Colorado River Water Conservation District, et al.  v. U.S., 96 S. Ct. 1236 (1976). Tafflin, et al v. Levitt, 110 S. Ct. 792 (1990).

V.   THE JUDICIAL CODE OF CONDUCT REQUIRES THAT SUA SPONTE THE FEDERAL COURT JUDGE AND THE STATE COURT JUDGE INVESTIGATE THE DUPLICATE FILING 8:25 CV 284/8:25 CV 95 AND THE STAY CI 25 1226 OF GOOGLE, ET AL. FOR A RULE 11 VIOLATION.

Courts similarly anticipate counsel will identify the appropriate authority supporting a legal position presented to the court. Benjamin v. Costco Wholesale Corporation, 2025 WL 1195925.

As this court has advised that the Neb. Rev. Code of Judicial Conduct notes that "[t]aking action to address known misconduct is a judge's obligation." § 5-302.15, cmt 1. Submitting a bar complaint is an "action to address known misconduct" 8:20-cv-00036-BCB-CRZ Doc # 23 Filed: 07/30/20 Page 11 of 14 - Page ID # 333.

**THIS COURT MUST INVESTIGATE THE ALLEGATIONS OF FRAUD.**

**The Neb. Rev. Code of Judicial Conduct notes that "[t]aking action to address known misconduct is a judge's obligation." § 5-302.15, cmt 1. (2)… Similarly, actions to be taken in response to information indicating that a lawyer has committed a violation of the Nebraska Rules of Professional Conduct may include but are not limited to communicating directly with the lawyer who may have committed the violation, or reporting the suspected violation to the appropriate authority or other agency or body.**

**THE PLAINTIFF REQUESTS A HEARING IN FEDERAL AND STATE COURT.**

FACTS

1.      On February 17, 2025, Timothy L. Ashford and Timothy L. Ashford, P.C.L.L.O. ("Plaintiffs") filed a complaint in the Douglas County District Court Ashford v. Google, Inc. CI 25 1226.

2.      On February 17, 2025, ("Plaintiffs") filed the same complaint as CI 25 1226 in the U.S. District Court 8:25 CV 95. 8:25-cv-00095-RCC Doc # 1 Filed: 02/17/25 Page 1 of 46 - Page ID # 1

3.      On February 25, 2025, Plaintiffs filed the First Amended Complaint CI 25 1226 in the Douglas County District Court Ashford v. Google, Inc. CI 25 1226.

4.      On February 25, 2025, Plaintiffs filed the First Amended Complaint in the U.S. District Court. 8:25-cv-00095-RCC Doc # 3 Filed: 02/25/25 Page 1 of 47 - Page ID # 49.

5.       On April 16, 2025 for some inexplicable reason Google, Inc. and Alphabet, Inc. ("Defendants") filed a 28 U.S.C. § 1446(b) to remove the case in state court CI 25 1226 to the federal court where the Ashford v. Google case 8:25 CV 95 Doc. 1 existed and was already filed. 8:25-cv-00095-RCC Doc # 3 Filed: 02/25/25 Page 1 of 47 - Page ID # 49.

6.       The federal case 8:25 CV 95 Doc. 1 was already pending when the Defendants filed their notice of removal of CI 25 1226 which is now docketed at 8:25 CV 284. Doc. 1

7.      The Defendants state in their notice for removal "Under 28 U.S.C. § 1441, a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." Kellum v. Gilster-Mary Lee Corp. Grp. Health Benefit Plan, 115 F.4th 849, 852 (8th Cir. 2024). 8:25-cv-00284-RCC Doc # 1 Filed: 04/16/25 Page 2 of 7 - Page ID # 2.

8.      The Defense states: "3. In addition to filing both their original Complaint and First Amended Complaint, Plaintiffs have also filed a pending federal action in which they have, again, asserted claims very similar to the claims they have asserted in the State Court Action. 8:25-cv-00284-RCC Doc # 1 Filed: 04/16/25 Page 2 of 7 - Page ID # 2

9.      The Defense states: Google removed this case to this Court from the District Court for Douglas County, Nebraska. Plaintiffs have also filed a federal action alleging claims similar to the claims in this removed action. That previously filed federal action has been assigned Case

No. 8:25-cv-00095-RCC.  8:25-cv-00284-RCC Doc # 4 Filed: 04/16/25 Page 1 of 3 - Page ID #

249

10.     Defense Counsel was aware of the Rule 11 violation or should have been aware of the

Rule 11 violation. 8:25-cv-00095-RCC.  8:25-cv-00284-RCC Doc # 4 Filed: 04/16/25 Page 1 of

3 - Page ID # 249

11.     Defense Counsel filed a stay action in state court case CI 25 1226 as part of his motion to

remove 8:25 CV 1226 on April 16, 2025. The case was filed as 8:25 CV 284. 8:25-cv-00284-

RCC Doc # 1 Filed: 04/16/25 Page 1 of 7 - Page ID # 1

12.     Defense Counsel filed a motion to extend the time to file an answer in the case 8:25 CV

284 Doc.  until May 14, 2025.  8:25-cv-00284-RCC Doc # 6 Filed: 04/17/25 Page 1 of 3 - Page

ID # 255.

13.     Defense Counsel did not contact Plaintiff to inquire about the removal or request an

extension of time for any of the three filings although the Defense "… counsel for Google has

confirmed with counsel for Ms. Thompson that she has not yet been served in the State Court

Action." 8:25-cv-00284-RCC Doc # 1 Filed: 04/16/25 Page 5 of 7 - Page ID # 5

14.     Defendant Google filed a motion to dismiss.

ISSUES

I.    PLEASE EXPLAIN THE REASON GOOGLE, ET AL IS ALLOWED BY THIS COURT
TO FILE A DUPLICATIVE CASE FILING 8:24 CV 284/8:25 CV 95 BUT FEDERAL
COURTS DISMISS EVERY DUPLICATE CASE FILING BY PRO SE LITIGANTS AND
SANCTION, BAN OR ADMONISH PRO SE LITIGANTS FOR THEIR DUPLICATE
FILINGS YET GOOGLE HAS NOT HAD THEIR DUPLICATE FILING 8:25 CV 284
DISMISSED.

15.     The Plaintiff requests the federal court dismiss the duplicative court filing 8:25 CV 284

by Defendant Google, et al. as frivolous just as federal courts have dismissed every duplicate

6

court filing made by Pro Se litigants or attorneys. Langworthy v. Colfax County, et al., 2025 WL 973839.

16.    Federal courts have sanctioned and admonished Pro Se litigants and dismissed duplicative filings of Pro Se parties which have been filed willfully so this court must dismiss the duplicative filing 2:84 CV 284 which was willfully filed otherwise it is treating Defendant Google differently than the federal court system treats Pro Se litigants. Langworthy v. Colfax County, et al., 2025 WL 973839; Boyarkin v. Ambramovich, 2025 WL 1283922; Emrit v. Musk, 2025 WL 215220; Koji IP, LLC v. Renesas Electronics America, Inc. 2025 WL 980796; Law v. Washington, 2025 WL 1017975; Grant v. Nationwide Mutual Insurance Co., 2025 WL 1146869;

17.    Pro se Plaintiff's have been summoned to show cause as to why the Court should not dismiss duplicative filings but not Google so this court should dismiss the duplicative filing of 8: 25 CV 284 which was filed by the Defendant. For example in one federal court case "After reviewing Pro Se Plaintiff's original Complaint in this case, United States Magistrate Judge Kirtan Khalsa notified Plaintiff that it appears this case may be duplicative of another case Plaintiff recently filed. *See* Order to Show Cause at 3-4, Doc. 6, filed January 14, 2025. Judge Khalsa ordered Plaintiff to show cause why the Court should not dismiss this case as duplicative of Plaintiff's other case and to file an amended complaint." Langworthy v. Colfax County, et al., 2025 WL 973839.

18.    In another Pro Se case the court held this case is duplicative of the two other cases and, for this reason alone, is subject to dismissal. Boyarkin v. Ambramovich, 2025 WL 1283922.

19.    The Court dismissed a Plaintiff's duplicative case as frivolous and admonished him. Emrit v. Musk, 2025 WL 215220

20.   Courts have dismissed duplicate filings of Pro Se litigants and the court should dismiss the stay CI 25 1226 based upon the duplicative filing 8:25 CV 284. Koji IP, LLC v.  Renesas Electronics America, Inc. 2025 WL 980796.

21.   The Court is required to screen Pro Se complaints and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Flores v. California Highway Patrol, et al. 2025 WL 934441.

22.   A complaint may be dismissed as frivolous if it merely "repeats pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citations and internal quotations omitted). Flores v. California Highway Patrol, et al. 2025 WL 934441.

**23.   The removal of the Defendant Google, et al. 8:25 CV 284 simply "repeats pending" litigation 8:25 CV 95 and 8:25 CV 284 should be dismissed. Flores v. California Highway Patrol, et al. 2025 WL 934441.**

**24.   "A duplicative action, arising from the same series of events and alleging many of the same facts as an earlier suit may be dismissed as frivolous or malicious…Lewis v. Ugwueze, 2020 WL 5899515, at *1 (E.D. Cal. Sep. 9, 2020). Flores v. California Highway Patrol, et al. 2025 WL 934441.**

**25.   "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." Adams v. California, 487 F.3d 684, 688 (9th Cir. 2007). Flores v. California Highway Patrol, et al. 2025 WL 934441**.

**26.   In assessing whether the second action is duplicative of the first, the court examines "whether the causes of action and relief sought, as well as the parties or privies to the**

action, are the same." Parker v. Yates, 2012 WL 3912958, at *1 (E.D. Cal. Sept. 7, 2012). Flores v. California Highway Patrol, et al. 2025 WL 934441.

27.    Upon review, the Court finds that this action – the 2025 case – is substantively identical to Plaintiff's 2024 Case. In the 2024 Case, Plaintiff raises the same claims against almost all of the same defendants and alleges an almost identical set of facts. As such, this action is subject to dismissal as duplicative. Flores v. California Highway Patrol, et al. 2025 WL 934441.

28.    Just as the federal court  will dismiss duplicative filings by Pro Se litigants this court must also dismiss "a duplicative action, 8:25 CV 284 arising from the same series of events and alleging many of the same facts as an earlier suit 8:25 CV 95 may be dismissed as frivolous or malicious under Section 1915(e)." Lewis v. Ugwueze, 2020 WL 5899515, at *1 (E.D. Cal. Sep. 9, 2020). Flores v. California Highway Patrol, et al. 2025 WL 934441; Knight v. State, 2025 WL 1068106

29.    Courts have ordered Pro Se litigants  as follows: "For the foregoing reasons, by April 22, 2025, Plaintiff is ORDERED TO SHOW CAUSE why the Court should not recommend that the Amended Complaint be dismissed as duplicative. See 28 U.S.C. § 1915(e)(2)(B). Flores v. California Highway Patrol, et al. 2025 WL 934441. Law v. Washington, 2025 WL 1017975.

30.    The Defendant in this case has abused the judicial process and "a primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). Grant v. Nationwide Mutual Insurance Co., 2025 WL 1146869.

31.    The Supreme Court has also recognized the "well-acknowledged" inherent power of a court to levy sanctions "in response to abusive litigation practices." Roadway Exp., Inc. v.

Piper, 447 U.S. 752, 765 (1980). Grant v. Nationwide Mutual Insurance Co., 2025 WL 1146869.

32.     Such sanctions include "outright dismissal of a lawsuit," which "is a particularly severe sanction, yet is within the court's discretion." Chambers, 501 U.S. at 45. Such sanctions should be confined to instances of bad faith or willful abuse of the judicial process. Id.; Matter of Carroll, 850 F.3d 811, 815 (5th Cir. 2017).  Grant v. Nationwide Mutual Insurance Co., 2025 WL 1146869.

33.     Plaintiffs (and Defendants) generally have no right to maintain two separate actions 8:25 CV 95/8:25 CV 284  involving the same subject matter at the same time in the same court and against the same defendant. <u>Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007),</u> overruled on other grounds by <u>Taylor v. Sturgell, 553 U.S. 880, 904 (2008).</u> Law v. Washington, 2025 WL 1017975.  8:25-cv-00095-RCC Doc # 1 Filed: 02/17/25 Page 1 of 46 - Page ID # 1; 8:25-cv-00284-RCC Doc # 1 Filed: 04/16/25 Page 1 of 7 - Page ID # 1

34.     The motion to remove the state case CI 25 1226  to the federal court where a federal case 8:25 CV 95 Doc. 1 was already pending by Defense Counsel was frivolous, duplicative, malicious and the Plaintiff demands sanctions against the attorneys for the Defendants for a frivolous filing 8:25 CV 284 Doc. 1 not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law ...." Fed. R. Civ. P. 11(b)(2) Mid Central Operating Engineers Health and Welfare Fund v. Hosiervac LLC, 2025 WL 574234.

35.     U.S. Supreme Court case law under Title 28 U.S.C. s 1447(c) provides for remanding a removed action (8:25 CV 284) when the district court determines that "the case was removed

improvidently and without jurisdiction"; and when a remand has been ordered on these

grounds, 28 U.S.C. § 1447(d) unmistakably commands that the order "remanding a case to the

State court from which it was removed is not reviewable on appeal or otherwise . . . ." Gravitt v.

Southwestern Bell Telephone Company, et al., 97 S. Ct. 1439 (1977).

36.    The Plaintiff has a pending remand.

37.    Federal courts are vested with the "inherent power" under Article III of the U.S.

Constitution "to manage their own affairs so as to achieve the orderly and expeditious disposition

of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). Grant v. Nationwide Mutual

Insurance Co., 2025 WL 1146869.

**38.    THE PLAINTIFF REQUESTS THE COURT DISMISS 8:25 CV 284.**

II.    PLEASE EXPLAIN THE REASON THE U.S. SUPREME COURT ALLOWS
CONCURRENT AND PARALLEL CASE LITIGATION 8:25 CV 95/CI 25 1226 AND  THE
REASON GOOGLE, ET AL. FILED THE DUPLICATE CASE 8:25 CV 284 TO VEST
JURISDICTION OF 8:25 CV 95/CI 25 1226  EXCLUSIVELY IN FEDERAL COURT  IN
VIOLATION OF RULE 11 AND U.S. SUPREME COURT CASE.

39.    The removal of 8:25 CV 284 and the stay filed in CI 25 1226 by the Defendants are

fraudulent because the U.S. Supreme court has ruled that this Plaintiff can maintain concurrent

and parallel litigation CI 25 1226/8:25 CV 95 and both cases can be litigated at the same time in

both federal court 8:25 CV 95 and state court CI 25 1226. Exxon Mobil Corporation v. Saudi

Basic Industries Corporation, 125 S. Ct. 1517 (2005); Colorado River Water Conservation

District, et al.  v. U.S., 96 S. Ct. 1236 (1976); Tafflin, et al v. Levitt, 110 S. Ct. 792 (1990).

40.    The removal 8:25 CV 284 and the stay filed in CI 25 1226 by the Defendants is

fraudulent, frivolous and vexatious because the federal court does not have exclusive jurisdiction

of CI 25 1226/8:25 CV 95. Riggi v.  Rose, 2025 WL 1080730.

41.    The Defendant Google filed a removal 8:25 CV 284 and a stay in CI 25 1226 when a federal case was pending in federal court 8:25 CV 95 in violation of U.S. Supreme Court case which allows concurrent or parallel litigation of the same cases in both federal and state court. Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005); Colorado River Water Conservation District, et al.  v. U.S., 96 S. Ct. 1236 (1976); Tafflin, et al v. Levitt, 110 S. Ct. 792 (1990).

42.    The pendency of an action in state court CI 25 1226 is no bar to proceedings concerning the same matter in federal court having jurisdiction (8:25 CV 95. Doc.1) of the same cases filed in both state court and/or the federal court. Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005); Colorado River Water Conservation District, et al.  v. U.S., 96 S. Ct. 1236 (1976); Tafflin, et al v. Levitt, 110 S. Ct. 792 (1990).

43.    Federal and state proceedings are "parallel" for abstention purposes when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same. Riggi v.  Rose, 2025 WL 1080730.

44.    The two proceedings are parallel in federal court 8:25 CV 95 and state court CI 25 1226 because they are essentially the same; that is, there is an identity of the same parties in Ashford v. Google CI 25 1226/8:25 CV 95 and the issues and relief sought are the same  in Ashford v. Google CI 25 1226/8:25 CV 95. Riggi v.  Rose, 2025 WL 1080730.

45.    "Although this approach will undoubtedly result in two courts considering the same action at the same time, case law from this Circuit interpreting Supreme Court precedent renders duplicative litigation, by itself, an insufficient basis for abstaining." Yu v. Gao, 2025 WL 80658

## PREVIOUS PARALLEL LITIGATION

46.    The Plaintiff has previously filed the parallel/concurrent litigation in the cases which follow:  Latanya Thomas, et al.  v. State of Nebraska, et al Case No. CI 12 127  Nemaha County, Nebraska and the Latanya Thomas,  Special Administrator of the Estate of Tyler Thomas Case v. Board of Trustees of the Nebraska State Colleges, et al.  8:12-CV-412 U. S. District Court; Ashford v. Douglas County,  Douglas County District Court CI 19 9165 and  Ashford v. Douglas County 8:20 CV 36 U. S. District Court. No other attorney filed a removal action. Riggi v.  Rose, 2025 WL 1080730.

47.   Attorney's misconduct in failing to educate himself on an immigration law matter for which he was retained warranted a two year suspension from the practice of law. State of Nebraska ex rel.  v. Prettyman, 289 Neb. 120 (2014).

48.    In order to decide whether the Colorado River abstention doctrine applies to a particular case, a federal court must first determine whether the concurrent state and federal lawsuits are parallel. Truserve Corporation v. Flegles, 419 F.3d 584 (2005).

49.    Even some Pro se litigants understand that parallel litigation can be filed in both state and federal court but this Defendant removed the parallel litigation filed in  state court CI 25 1226  to federal court 8:25 CV 284 in violation of supreme court case law. Remington v. Mathson, 2010 WL 1233803. Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005).

## CONCURRENT JURISDICITION

50.    There is a presumption that state courts have concurrent jurisdiction with federal courts, subject to the limitations of the supremacy clause of the United States Constitution, arises when the jurisdictional provision in question is silent as to the jurisdiction of state courts; however,

51.     Congress may confine jurisdiction to the federal courts either explicitly or implicitly and, thus, presumption of concurrent jurisdiction can be rebutted by explicit statutory directive, by unmistakable implication from legislative history, or by clear incompatibility between state court jurisdiction and federal interests. U.S. Const. art. 6, § 2. Alliance for California Business v. State Air Resources Board, 23 Cal.App.5th 1050 (2018). CI 25 1226/8:25 CV 95

52.     Unless Congress includes in a statute an explicit statement vesting jurisdiction exclusively in federal court state courts may presume that they share jurisdiction concurrently with federal courts over federal cause of action. Donnelly v. Yellow Freight System, Inc. 874 F.2d 402 (1989).

53.     Even when federal law is not clearly developed or preempts state law jurisdiction may be exercised concurrently by state and federal courts. Donnelly v. Yellow Freight System, Inc. 874 F.2d 402 (1989).

54.     The Defendants have perpetrated a fraud upon the court by filing the motion to remove 8:25 CV 284 and a stay CI 25 1226 because concurrent or parallel litigation exists for this case. Remington v. Mathson, 2010 WL 1233803. Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005).

III.   PLEASE EXPLAIN THE REASON THAT DEFENDANT GOOGLE, ET AL. FILED DOCUMENTS THAT THE FEDERAL COURT HAS  EXCLUSIVE JURISDICTION OF 8:25 CV 95/CI 25 1225 WHEN THE FEDERAL COURT DOES NOT HAVE EXCLUSIVE JURISDICTION OF THIS CASE WHICH IS NOT A CASE INVOLVING THE EXCLUSIVE JURISDICTION OF FEDERAL COURTS SUCH AS PATENTS AND TERRORISM.

55.     The Defendant has filed documents 8:25 CV 284 the federal court has exclusive jurisdiction of Ashford v. Google, Inc. CI 25 1226 Ashford v. Google, Inc. 8:25 CV 95 Doc. 1. in

the Motion for Removal. Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005). Tafflin, et al v. Levitt, 110 S. Ct. 792 (1990).  8:25-cv-00095-RCC Doc # 3 Filed: 02/25/25 Page 1 of 47 - Page ID # 49; 8:25-cv-00284-RCC Doc # 1 Filed: 04/16/25 Page 1 of 7 - Page ID # 1

56.    The federal courts have exclusive jurisdiction of some cases, for example, federal district courts have exclusive jurisdiction over suits brought under this statute 18 U.S.C. § 2338 which are acts of terrorism among other crimes. Selig v. Taliban, a.k.a. Islamic Emirate of Afghanistan 2025 WL 973541

57.    The federal district courts have exclusive jurisdiction over "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). Microsoft Corporation, v. Motorola Inc., 564 Fed.Appx. 586 (2007).

58.    Court of Federal Claims has exclusive jurisdiction over patent-infringement suits brought by a United States patent owner seeking compensation for the unauthorized use of the patent by the government. 28 U.S.C.A. § 1498(a).  Emergency Alerts Innovations, LLC v. The United States, 174 Fed. Cl. 485 (2025)

59.    Federal courts cannot create Congressional intent that federal jurisdiction is exclusive if it is left unstated, and courts cannot make assumption that federal jurisdiction should be exclusive; rather, the strong presumption is in favor of concurrent jurisdiction in the state courts. Davis v. Sun Oil Company, 148 F.3d 606 (1998).

60.    The fake opinion  is this federal court has exclusive jurisdiction of this case and the fake law is the case can not have a concurrent filing in both federal 8:25 CV 95 and state court case CI 25 1226 which was the legal basis for the motion for removal.  Davis v. Sun Oil

Company, 148 F.3d 606 (1998). Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005).

61.    The motion to remove was fraudulent for a number of reasons.

62.    The Defendants have no law or any statute which supports their allegation that Plaintiff can not file this action in both federal and state court.  At the time of the removal there was already a federal case pending in federal court 8:25 CV 95. The Defendants could have filed an answer to 8:25 CV 95 but instead made the legal decision to remove the state case CI 25 1226 when they had no case law for removal of  CI 25 1226 which was filed.

63.    The Defendants then filed a stay with the state court to take no further action in CI 25 1226 without any authority and the federal case was already filed in district court 8:25 CV 95.

64.    So what was the reason for filing a motion to remove the state court case CI 25 1226?

65.    One reason may have been  to send the state court CI 25 1226 a notice of removal to attempt to divest the state court of jurisdiction by filing 8:25 CV 284 in violation of case law.

**66.    States possess sovereignty concurrent with that of federal government, subject only to limitations imposed by supremacy clause. U.S.C.A. Const. Art. 6, cl. 2. Tafflin, et al v. Levitt, 110 S. Ct. 792 (1990).**

67.    The federal court does not have exclusive jurisdiction because the supreme court has ruled the pendency of action in state court is no bar to proceedings concerning same matter in federal court having jurisdiction. Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005).

68.    The Plaintiff demands that the attorneys for the Defendant immediately withdraw the motion for removal of CI 25 1226.

69.     The plaintiff request that defense counsel sign an affidavit that states the filing of the Removal Motion was made in good faith after an investigation of existing case law or was warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law ....." Fed. R. Civ. P. 11(b)(2). Dehghani v. Castro, 2025 WL 988009. Mid Central Operating Engineers Health and Welfare Fund v. Hosiervac LLC, 2025 WL 574234. Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005).

70.     The Plaintiff demands attorney fees and the cost of this action.

71.     Plaintiff requests this court dismiss the duplicative action 8:25 CV 284.

72.     Plaintiff requests this court order Defendant to show cause why the court should not dismiss the removal action 8:25 CV 284 as duplicative of 8:25 CV 95?

73.     Plaintiff requests this court order Defendant to show cause why the court should not sanction the attorney for the removal action 8:25 CV 284 which is duplicative of 8:25 CV 95?

74.     Plaintiff requests this court order Defendant to show cause why the existing law does not allow parallel or concurrent cases in both state court CI 12 1226 and federal court 8:25 CV 95 pursuant to the U.S. Supreme Court case? Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005).

75.     Plaintiff requests this court order Defendant to show cause why the federal court has exclusive jurisdiction of this case when the cases were filed in state court CI   1226  and federal court 8:25 CV 95? Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005).

76.     The Plaintiff demands sanctions against the attorneys for the Defendants for a frivolous filing.

77.     Plaintiff has a pending remand motion for case number CI 25 1226 to the State Court and

to dismiss 8:25 CV 284 because it is duplicative of 8:25 CV 95. 8:25-cv-00284-RCC Doc # 1

Filed: 04/16/25 Page 2 of 7 - Page ID # 2.; 8:25-cv-00284-RCC Doc # 1 Filed: 04/16/25 Page 1

of 7 - Page ID # 1. Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct.

1517 (2005).


**IV.  RULE 11 WAS VIOLATED BECAUSE DEFENSE COUNSEL HAS NO CASE LAW FOR
THEIR REMOVAL  OF 8:25 CV 284 AND DEFENSE COUNSEL CAN NOT
MAKE A GOOD FAITH LEGAL ARGUMENT FOR AN EXTENSION, MODIFICATION OR
REVERSAL OF EXISTING U.S. SUPREME COURT CASE LAW WHICH ALLOWS
CONCURRENT OR PARALLEL CASES 8:25 CV 95/CI 25 1226.**

78.     Plaintiff has signed an affidavit and Defense Counsel must rebut the affidavit with a

signed affidavit or face disciplinary action. Shelton v. Chaudhry, 2025 WL 311516.

79.     Attorney's misconduct in failing to educate himself on an immigration law matter for

which he was retained warranted a two year suspension from the practice of law. State of

Nebraska ex rel.  v. Prettyman, 289 Neb. 120 (2014).

80.     Rule 11 states an attorney who presents a document to the court (8:25 CV 284) certifies

that they have made a reasonable inquiry into the existing law. Fed. R. Civ. P. 11(b). Dehghani v.

Castro, 2025 WL 988009.

81.     Defense counsel has made no inquiry into the existing law before signing the removal

document so he cannot be deemed objectively reasonable under Rule 11 even if the reliance is

placed in an experienced attorney. Fed. R. Civ. P. 11. Wadsworth v. Walmart, Inc., 2025 WL

608073.

82.     Federal court has inherent power to vacate its own judgment upon proof that fraud has

been perpetrated upon court. Chambers v. Nasco, Inc., 111 S. Ct. 2123 (1991).

83. Federal court has power to conduct independent investigation in order to determine whether it has been victim of fraud. Chambers v. Nasco, Inc., 111 S. Ct. 2123 (1991).

84. Just as the courts have sanctioned attorneys for Rule 11 filings this court should sanction this attorney for violating Rule 11 because he did not make a reasonable inquiry into the existing law that the pendency of an action in state court CI 25 1226 is no bar to proceedings concerning the same matter in federal court having jurisdiction 8:25 CV 95. Doc. 1. Rule 11. Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517 (2005).

85. Courts similarly anticipate counsel will identify the appropriate authority supporting a legal position presented to the court. Benjamin v. Costco Wholesale Corporation, 2025 WL 1195925.

86. None of that happened here. The Defense counsel in 8:25 CV 284 did not identify the authority supporting a legal position that removal was warranted by existing case law and the federal court has the exclusive jurisdiction of CI 25 1226/8:25 CV 95. Doc. 1. Benjamin v. Costco Wholesale Corporation, 2025 WL 1195925.

87. For an attorney to avoid sanctions for a frivolous pleading or presentation of a document for an improper purpose, the attorney may withdraw or correct the challenged document or position after receiving notice of the alleged violation. Rule 11. Fed. R. Bankr. P. 9011(b), 9011(c)(1)(A). In re: David James Farnham v. Francis X. Moore, 2025 WL 1009544.

88. Rule 11 of the Federal Rules of Civil Procedure establishes the standard that attorneys and parties must meet when filing documents in federal court. Specifically, Rule 11(b)(2) states that an attorney presenting "a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it"—to a court "certifies that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances

... (2) the claims, defenses, and other legal contentions are warranted by existing law or by a

nonfrivolous argument for extending, modifying, or reversing existing law or for establishing

new law ....” Fed. R. Civ. P. 11(b)(2). Dehghani v. Castro, 2025 WL 988009. Mid Central

Operating Engineers Health and Welfare Fund v. Hosiervac LLC, 2025 WL 574234.

89.     In our case the Defense Attorney filed a second action 8:25 CV 284 arising from the

same incident (CI 25 1226/8:25 CV 95) and in our case the attorney filed a stay in the state court

case CI 25 1226. Shelton v. Chaudhry, 2025 WL 311516

**90.     The Defense Attorney filed a stay in state court CI 25 1226 which is a patent failure**

**to analyze supreme court case law which does not bar concurrent or parallel**

**jurisdiction.  Shelton v. Chaudhry, 2025 WL 311516; Exxon Mobil Corporation v. Saudi**

**Basic Industries Corporation, 125 S. Ct. 1517 (2005).**

91.     Attorneys have been sanctioned for failing to analyze case law. This attorney's mistakes

as to facts of diversity, parallel litigation and concurrent litigation were willful, not negligent;

this attorney's behavior in failing to analyze the law was patently unreasonable;  weighty Rule 11

sanctions are  warranted; and formally reprimanding this attorney is necessary Rule 11 sanction.

Shelton v. Chaudhry, 2025 WL 311516.

92.     The Rule 11 levied against the Defendants sanctions are meant to serve several purposes,

including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3)

compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case

management. Fed. R. Civ. P. 11. Wadsworth v. Walmart, Inc., 2025 WL 608073

93.     Although the Defense Counsel does not take the position which allows parallel or

concurrent filings in both state and federal court, even Pro Se Claimants have filed in both

federal and state court, as stated in a federal court's ruling: The Court directed the parties to provide periodic updates to the Court, at least every 60 days, regarding the progress of the state court action to the federal court. Remington v. Mathson, 2010 WL 1233803.

94.    Likewise, courts expect submissions from attorneys to be accurate. Benjamin v. Costco Wholesale Corporation, 2025 WL 1195925. Benjamin v. Costco Wholesale Corporation, 2025 WL 1195925.

95.    A **fake** opinion is not existing law and citation to a **fake** opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law. United States v. Hayes, 2025 WL 235531.

96.    Court generally may act sua sponte in imposing sanctions under rules. Fed.Rules Civ.Proc.Rules 11, 16(f), 26(g), 30(g), 37, 56(g), 28 U.S.C.A. Chambers v. Nasco, Inc., 111 S. Ct. 2123 (1991).

97.    The power to punish for contempt is inherent in all courts, reaches both conduct before court and that beyond the court's confines. Chambers v. Nasco, Inc., 111 S. Ct. 2123 (1991).

98.    The fake opinion is the federal case 8:25 CV 284 must be dismissed.

99.    An attempt to persuade a court or oppose an adversary by relying on **fake** opinions is an abuse of adversary system. United States v. Hayes, 2025 WL 235531.

100.   For an **attorney** to avoid sanctions for a **frivolous** pleading or presentation of a **document** for an improper purpose, the **attorney** may withdraw or correct the challenged **document** or position after receiving notice of the alleged violation. Fed. R. Bankr. P. 9011(b), 9011(c)(1)(A). In re: David James Farnham v. Francis X. Moore, 2025 WL 1009544.

**V.   THE JUDICIAL CODE OF CONDUCT REQUIRES THAT SUA SPONTE THE FEDERAL COURT JUDGE AND THE STATE COURT JUDGE INVESTIGATE THE DUPLICATE FILING 8:25 CV 284 AND THE STAY OF GOOGLE, ET AL. CI 25 1226 FOR A RULE 11 VIOLATION.**

101. The state court and the federal court must investigate  Defendant Google, et al. for a violation of Rule 11 and case law by filing the removal and the stay.

102. Neither the state court nor the federal court have launched an investigation into the allegations that Google has perpetrated a fraud upon the court by their duplicate filing and their stay.

103. THE ALLEGATIONS OF FRAUD ALLEGED BY THE PLAINTIFF CAN BE EASILY RESOLVED BY BOTH COUNSEL FOR GOOGLE NOTARIZING AN AFFIDAVIT TO THE COURT THAT THE REMOVAL AND THE STAY  ARE BASED UPON EXISTING CASE LAW OR THEY HAVE A GOOD FAITH BASIS FOR THE REVERSAL MODIFICATION OR EXTENSION  OF EXISTING CASE LAW.

104. THE RESPONSE MUST INCLUDE THE CASE LAW WHICH SUPPORTS THE REMOVAL AND THE STAY.

105. ENCLOSED IS THE AFFIDAVIT FROM THE PLAINTIFF STATING NO CASE LAW EXISTS FOR THE REMOVAL AND THE STAY. (EX. 4)

106. THE DEFENSE COUNSEL MUST REBUT THE AFFIDAVIT FROM THE PLAINTIFF WITH AN AFFIDAVIT.

107. A HEARING MUST BE SCHEDULED AND DEFENSE COUNSEL MUST FILE A NOTARIZED AFFIDAVIT WITH  THE COURT CITING CASE LAW WHICH SUPPORTS THE FACT THE DEFENDANT CAN FILE A DUPLICATE CASE IN FEDERAL COURT FOR THE REMOVAL IN VIOLATION OF U.S. SUPREME COURT CASE LAW.

108.    Courts anticipate counsel for Defendant Google will identify the appropriate case law authority supporting a legal position of removal 8:25 CV 284 and the stay CI 25 1226 which has been presented to the court. Benjamin v. Costco Wholesale Corporation, 2025 WL 1195925.

109. Attorney's misconduct in failing to educate himself on an immigration law matter for which he was retained warranted a two year suspension from the practice of law. State of Nebraska ex rel.  v. Prettyman, 289 Neb. 120 (2014).

110. ADDRESSING KNOWN ATTORNEY MISCONDUCT IS A JUDGE'S OBLIGATION

**111. Just as Counsel was investigated in a state court case … the Neb. Rev. Code of Judicial Conduct notes that "[t]aking action to address known misconduct is a judge's obligation." § 5-302.15, cmt 1. Submitting a bar complaint is an "action to address known misconduct" and such activity is therefore within the scope of…employment as a judicial officer. 8:20-cv-00036-BCB-CRZ Doc # 23 Filed: 07/30/20 Page 11 of 14 - Page ID # 333 (Ex. 1-12)**

112.    The court wrote: "It is clear that Ashford has previously utilized his legal abilities to bring important matters to the forefront of discussion in our society." 8:20-cv-00036-BCB-CRZ Doc # 23 Filed: 07/30/20 Page 13 of 14 - Page ID # 335

113.    As a result of Plaintiff's  racial discrimination lawsuits approximately 10 black attorneys were appointed to represent poor defendants in felony and misdemeanor cases. Timothy L. Ashford v. Douglas County, 880 F.3d 990 (2018 8th Cir.)  Timothy L. Ashford v. John Does in the Eighth Circuit Court of Appeals Case number 16-3366.

114.    Before Plaintiff was banned from the Criminal Justice Act Panel, as a result of Plaintiff's discussions with the Office of the Federal Public Defender more qualified African American Attorneys have been appointed to the CJA panel.

115.    The Defendant does not have a meritorious defense under the Communications Decency

Act (DCA) because the underlying posting was defamation and the Defendant voluntarily removed the defamatory statement after receiving a 1/8/24 letter advising the Defendant was reported to the authorities.

**116. THE STATE COURT AND THE FEDERAL COURT HAVE AN OBLIGATION TO ADDRESS THE MISCONDUCT BASED UPON THE DUPLICATE FILING BY THE DEFENDANT**

117.    Counsel has encountered a nonchalant and dismissive response in violation of the obligation to investigate pursuant to the **Neb. Rev. Code of Judicial Conduct § 5-302.15** from the state court to the serious allegations that the Defendant Google has perpetrated a fraud on both the federal court and the state court in this action which shows justice is not blind.

**118.**    The response from the state court fell well below the standard established in the **Neb. Rev. Code of Judicial Conduct § 5-302.15. Responding to judicial and lawyer misconduct.**

**119. The Neb. Rev. Code of Judicial Conduct § 5-302.15. Responding to judicial and lawyer misconduct.   (B) A judge having knowledge that a lawyer has committed a violation of the Nebraska Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate authority.**
**120. (D) A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Nebraska Rules of Professional Conduct shall take appropriate action. COMMENT**
**[1] Taking action to address known misconduct is a judge's obligation. Paragraphs (A) and (B) impose an obligation on the judge to report to the appropriate disciplinary authority the known misconduct of another judge or a lawyer that raises a substantial question regarding the honesty, trustworthiness, or fitness of that judge or lawyer. Ignoring or denying known misconduct among one's judicial colleagues or members of the legal profession undermines a judge's responsibility to participate in efforts to ensure public respect for the justice system. This Rule limits the reporting obligation to those offenses that an independent judiciary must vigorously endeavor to prevent.**
**[2] A judge who does not have actual knowledge that another judge or a lawyer may have committed misconduct, but receives information indicating a substantial likelihood of such misconduct, is required to take appropriate action under paragraphs (C) and (D). Appropriate action may include, but is not limited to, communicating directly with the**

**judge who may have violated this Code, communicating with a supervising judge, or reporting the suspected violation to the appropriate authority or other agency or body. Similarly, actions to be taken in response to information indicating that a lawyer has committed a violation of the Nebraska Rules of Professional Conduct may include but are not limited to communicating directly with the lawyer who may have committed the violation, or reporting the suspected violation to the appropriate authority or other agency or body.**

121.    Both the federal court and the state court must schedule a hearing to investigate the allegations pursuant to **Neb. Rev. Code of Judicial Conduct § 5-302.15**

122.    The federal court rules require the reasons for an oral hearing which is a violation of the ethical rules.

123.    A hearing must be scheduled because the Plaintiff requests Defense Counsel explain the case law which supports the  duplicate filing 8:25 CV 284 when a federal case was filed 8:25 CV 95.

124.    A hearing must be scheduled because the Plaintiff requests Counsel explain the case law which supports the exclusive jurisdiction of  8:25 CV 284 when a federal case was filed 8:25 CV 95.

125.    The reasons for oral argument is so that Defense Counsel can explain to the court in oral arguments the reasons that parallel or concurrent jurisdiction does not apply to the filing of the cases in 8:25 CV 95/CI 25 1226.

126.    Plaintiff requests this court dismiss the duplicate filing 8:25 CV 284 and treat the Defendant Google in the same manner as the federal courts have treated Pro Se claimants who have had duplicate filings dismissed as frivolous.

127.    The Defense has to explain the reason the federal court has exclusive jurisdiction of this case.

128.     The Plaintiff alleges the Defense has perpetrated a fraud upon the court with the fraudulent removal which is not supported by case law and the fraudulent stay.

129.     **The Neb. Rev. Code of Judicial Conduct notes that "[t]aking action to address known misconduct is a judge's obligation." § 5-302.15, cmt 1.**

130.     Enclosed is the affidavit by the Plaintiff which must be rebutted by both Defense Counsel by affidavit. (Ex. 4)

131.     The Defense has to explain in both the hearing and the affidavit the reason the federal court has exclusive jurisdiction

132.     The Defense has to explain in both the affidavit and to the court the reason the state and federal court does not have concurrent or parallel jurisdiction pursuant to U.S. supreme court case law.

133.     The federal judge and state judge have an obligation to investigate pursuant to the **Neb. Rev. Code of Judicial Conduct § 5-302.15 (2) Similarly, actions to be taken in response to information indicating that a lawyer has committed a violation of the Nebraska Rules of Professional Conduct may include but are not limited to communicating directly with the lawyer who may have committed the violation, or reporting the suspected violation to the appropriate authority or other agency or body.**

134.     By refusing to hold a hearing and referring the matter to the federal court, state court Judge Derr has not fulfilled the judicial obligation to investigate **known attorney misconduct** pursuant to the **Neb. Rev. Code of Judicial Conduct § 5-302.15 (2)**

135.     **The removal and stay by the Defense was deceitful and fraudulent.**

136.     **The fraudulent stay prevents the Plaintiff from obtaining permission for publication to serve the co-defendants from the state court within 180 days and the federal court.**

137.    The Plaintiff does not waive his request for the entire panel of the U.S. District Court to recuse themselves from this litigation.

138.    EVERY PRO SE DEFENDANT WHO HAS FILED A DUPLICATE CASE FILING IN FEDERAL COURT SUCH AS 8:25 CV 284/8:25 CV 95 HAS HAD THE DUPLICATE CASE DISMISSED AS FRIVOLOUS.

139.    IN THE PREVIOUS STATE AND FEDERAL COURT FILINGS NOT ONE ATTORNEY FILED A REMOVAL.

140.    THE FEDERAL COURT DOES NOT HAVE EXCLUSIVE JURISDICTION OF 8:25 CV 95/CI 25 1226.

141.    THE PLAINTIFF DEMANDS A HEARING ON THE VIOLATION OF RULE 11 BECAUSE SUPREME COURT CASE LAW ESTABLISHED CONCURRENT OR PARALLEL LITIGATION IN STATE AND FEDERAL COURT AND THERE IS NOT A GOOD FAITH ARGUMENT FOR REVERSAL.

142.    Attorney's misconduct in failing to educate himself on an immigration law matter for which he was retained warranted a two year suspension from the practice of law. State of Nebraska ex rel.  v. Prettyman, 289 Neb. 120 (2014).

143.    Defense counsel must withdraw the stay or cite the legal CASE authority which allows the stay.

144.    The judge must respond in writing and not send an oral message.

145.    PLAINTIFF DEMANDS A HEARING WITH AN AFFIDAVIT FROM DEFENSE COUNSEL!

Wherefore the Plaintiff requests a hearing, the Plaintiff requests the court dismiss 8:25 CV 284, the Plaintiff requests the court dismiss CI 25 1226 and the Plaintiff requests the court investigate the Rule 11 violations of Defense Counsel.

Dated this 26th day of May, 2025.

> Respectfully Submitted,
> Timothy L. Ashford,
> Timothy L. Ashford, P.C.L.L.O.
> By: S/Timothy L. Ashford/
> Timothy L. Ashford, #19687
> P.O. Box 386
> Omaha, Nebraska 68102
> (402) 660-5544
> Attorney for the Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 26TH   day of May, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

GOOGLE LLC and ALPHABET INC., Defendants
Patrick M. Flood, #19042
PANSING HOGAN ERNST & BUSER LLP
10250 Regency Circle, Suite 300
Omaha, NE 68114
Phone: (402) 397-5500
pflood@pheblaw.com
Attorney for Defendants

Daniel Graham, Colorado Bar No. 45185
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400
DGraham@perkinscoie.com