IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD, and TIMOTHY L. ASHFORD, P.C.L.L.O., <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE, INC., ALPHABET, INC., ROSES ROSES, GO GAMERS, JOHN DOES, 1-1000, and JANE DOES, 1-1000, <br><br> Defendants. | 8:25CV95 <br><br> 8:25CV284 <br><br><br> **FINDINGS, RECOMMENDATION AND ORDER** |

I.      BACKGROUND

On February 17, 2025, Plaintiffs filed a complaint in the Douglas County District Court (CI 25-1226) and filed the same complaint in this court at Case No. 8:25cv95. Plaintiffs filed a First Amended Complaint in 8:25cv95 on February 25, 2025. (Filing No. 3).

Defendant Google removed the case pending in state court on March 16, 2025, and it was assigned Case No. 8:25cv284. Defendant Google moved for an extension of time to file a responsive pleading on April 17, 2025, noting that a First Amended Complaint was filed in Douglas County on March 18, 2025. The motion requested until May 14, 2025 to file a responsive pleading to the First Amended Complaint, and the request was granted. (Case No. 8:25cv284, Filing No. 7). Plaintiffs objected to the extension and requested time to file a brief in support of the objection. (Case No. 8:25cv284, Filing No. 8). The objection was denied as moot, as Defendant Google's answer deadline was extended prior to the expiration of the original deadline and good cause was shown. See Fed. R. Civ. P.

1

6(b)(1)(A) (permitting extensions for good cause with or without motion or notice if the court acts, or if the request is made, before the original time or its extension expires). (Case No. 25cv284, Filing No. 9).

Defendant Google timely filed a Motion to Dismiss in 8:25cv284 on May 14, 2025. (Case No. 25cv284, Filing No. 15). Plaintiffs have filed several additional motions including:

- Motions to Recuse the judges of this district (8:25cv95, Filing No. 8; 8:25cv284, Filing No 10), which were recently denied by Chief Judge Robert F. Rossiter by Memorandum and Order (8:25cv95, Filing No. 17; 8:25cv284, Filing No. 32);

- Motions to Remand (8:25cv95, Filing No. 9; 8:25cv284, Filing No. 11);

- Motions to Amend the Complaint (8:25cv95, Filing No. 10; 8:25cv284, Filing No. 12);

- Motions to Extend the time to serve all Defendants with the Complaints (8:25cv95, Filing No 11; 8:25cv284, Filing No. 13);

- Motions for Leave to Supplement the Record with Exhibits for the Motions to Remand (8:25cv95, Filing No. 13; 8:25cv284, Filing No. 21);

- Motions to Dismiss Defendant's Duplicate Case 8:25cv284 (8:25cv95, Filing No. 14; 8:25cv284, Filing No 23);

- Motions to Extend the Time for Filing a Responsive Pleading (8:25cv95, Filing No. 15; 8:25cv284, Filing No. 29); and,

- Motion in Opposition to the Motion to Dismiss (8:25cv95, Filing No. 16; 8:25cv284, Filing No. 30).

This matter is now before the undersigned on Plaintiff's motions, with the exception of the motions to recuse, Plaintiffs' Motion to Dismiss Case No. 25-cv-284, and Defendant Google's Motion to Dismiss.

II.   ANALYSIS

1. <u>Motion to Remand</u>

Plaintiffs seek to remand both Case Nos. 8:25cv95 and 8:25cv284. As a preliminary matter, Plaintiffs' motion to remand Case No. 8:25cv95 will be denied, as this court cannot remand a case that originated in federal court. *See* 28 U.S.C. § 1447 (applies only to cases removed from state court); *see Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010) ("[F]ederal tribunals lack authority to remand to the state court system an action initiated in federal court").

As to Case No. 8:25cv284, Defendants sued in state court have a "right to remove the suit to federal district court if the civil action is one 'of which the district courts ... have original jurisdiction.'" *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (quoting 28 U.S.C. § 1441(a)). Federal district courts have original jurisdiction over cases that meet the standards for diversity jurisdiction. Diversity jurisdiction has two requirements: complete diversity of the parties, and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). *Rosener v. Menard, Inc.*, 571 F. Supp. 3d 1116, 1118 (D. Neb. 2021); *Junk v. Terminix International Company*, 628 F.3d 439, 445 (8th Cir. 2010). When removal is challenged, the defendants opposing remand bear the burden of establishing that federal subject matter jurisdiction exists. *Green v. Ameritrade, Inc.*, 279 F.3d 590 (8th Cir. 2002).

Here, there is no dispute that complete diversity exists between the parties. Plaintiff Timothy Ashford is a citizen of Nebraska, the Law Office of Timothy L. Ashford is incorporated in and operates in Nebraska, and Plaintiff Timothy L. Ashford P.C., L.L.O is incorporated in Nebraska. Defendant Google is incorporated and has its principal place of business in California. Defendant Alphabet Inc. is incorporated in Delaware with its principal place of business in California. Defendants Roses Roses and Go Gamers are residents of Texas. Similarly, there is no argument that Defendant has not met the burden to show the amount in controversy exceeds $75,000. Plaintiffs' complaint alleges the "amount at stake is more than $75,000, not counting interest and costs of the court as

3

damages." (Case No. 8:25cv284 First Amended Complaint Filing No. 1-2 at CM/ECF p. 3; Proposed Second Amended Complaint Filing No. 12-1 at CM/ECF p. 3). Thus, the two requirements for diversity jurisdiction are present. Moreover, Plaintiffs affirmatively acknowledged diversity jurisdiction exists in their complaint directly filed with this court in Case No. 8:25cv95 (Filing No. 1, ¶¶17-26), which reads almost verbatim as the complaint filed in state court in 8:25cv284 (Filing No. 1-1).

Plaintiffs' argument for remand does not appear to be based upon jurisdiction. Instead, Plaintiffs argue "the pendency of an action in state court is no bar to proceedings concerning the same matter in federal court having jurisdiction," citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.* 125 S. Ct. 1517 (2005)). (25cv95, Filing No. 9-1). Plaintiffs request that Defendant show cause why parallel or concurrent cases cannot be litigated in both state court and federal court. However, the case cited by Plaintiffs addresses when comity or abstention doctrines may permit or require the federal court to stay or dismiss the federal action in favor of state-court litigation. (8:25cv284, Filing No. 11-1 at CM/ECF p. 24). Plaintiffs have not requested a stay in this case. What Plaintiffs seem to be asking is for this court to allow 8:25cv95 to move forward, but also remand 8:25cv284 to be litigated simultaneously in state court. This is a waste of judicial resources and should not be allowed. See *Bond v. Smith*, No. 4:14CV503 RWS, 2014 WL 1413546, at *2 (E.D. Mo. Apr. 11, 2014) (quoting *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988)).

Defendant Google argues that the existence of a case in federal court with the same parties and claims does not bar removal of a case filed in state court, when removal is otherwise proper. Google asserts that it removed this action based on diversity jurisdiction and that the requirements for removal were met. Therefore, Google asserts that it is entitled to remove 8:25cv284 based on 28 U.S.C. § 1441, 1446, and 1332. The court agrees. "[W]hen state and federal courts have concurrent jurisdiction, removal is permitted unless Congress states otherwise." *Miles v. Unum Grp.,* No. 8:09-CV-289, 2009 WL 5103106 (D. Neb. Dec. 17, 2009). Remand of a removed action is only necessary when the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). If a federal court evaluating a

4

motion to remand determines that it does have subject matter jurisdiction over the removed action, then a request for remand should be denied. See *Client-Server Tech. Grp., Inc. v. DeRocher*, No. 8:20CV28, 2020 WL 1931229, at *2 (D. Neb. Apr. 3, 2020), report and recommendation adopted, No. 8:20-CV-28, 2020 WL 1929071 (D. Neb. Apr. 21, 2020). Plaintiffs have acknowledged that the claims in 8:25cv95 and 8:25cv284 are the same, and that this court has jurisdiction over the complaint filed in this court. Accordingly, the undersigned will recommend that Plaintiffs' motion to remand be denied.

2. <u>Motion to Amend the First Amended Complaint</u>

Plaintiffs request leave to file an amended complaint to correctly identify Defendants.[1] A copy of the proposed Second Amended Complaint was attached to their motion. (See Case No. 8:25cv95 Filing No. 10-1; Case No. 8:25cv284, Filing No. 12-1). Plaintiffs have previously filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1), and any further amendments must be with opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

In response to the motion to amend, Defendant Google filed a statement that it does not oppose the motion, but if the amendment is allowed, Google intends to refile the pending motion to dismiss. The undersigned will recommend that the Plaintiffs' motion to amend be granted.

The court notes that Plaintiffs have filed a motion to dismiss Case No. 8:25-cv-284 as duplicative. The motion has not been referred, but the undersigned feels obligated to address the clear fact that the claims are identical to those raised in 25cv95. Plaintiffs acknowledges that the action removed from state court (8:25-cv-284) is wholly duplicative of the action already pending here (8:25-cv-95). (See Plaintiffs' Motions to Remand (Case No. 8:25cv95, Filing Nos. 9 and 9-1; Case No. 284, Filing Nos. 11 and 11-1); Plaintiffs' Motions to Dismiss Case No. 8:25cv284 as duplicative of Case No. 8:25cv95 (Case No.

---

[1] The motion asserts defendant Beverly Enterprises, Inc. was incorrectly named. This paragraph appears to have been included in error. Beverly Enterprises, Inc. is not named as a party in this action in either the operative complaint, or the proposed amended complaint.

5

8:25cv95 Filing No. 14; Case No. 8:25cv284 Filing No. 23)). The undersigned has recommended the motion to remand be denied because this court has jurisdiction and Defendant Google has properly removed it. However, Plaintiffs "have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." *Counts v. Walmart Inc.*, No. 4:22CV3110, 2023 WL 422883, at *1 (D. Neb. Jan. 26, 2023) (quoting *Curtis v. Citibank,* N.A., 226 F.3d 133, 138-39 (2d Cir. 2000)); *see also Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time."). If the District Court adopts the recommendation concerning remand, meaning the matter remains in federal court, and the District Judge finds the duplicative case should be dismissed, the undersigned recommends that Plaintiffs be directed to file the proposed Second Amended Complaint (Case No. 8:25cv95 Filing No. 10-1), *but in Case No. 8:25cv95 only*.

3.  Motion to Extend

Plaintiffs request additional time to serve Defendants Roses Roses aka Rose Thompson, Go Gamers aka Unknown, John Does 1-1000 and Jane Does 1-1000 and any other Defendants. Plaintiffs' Motion to Extend is unopposed and will be granted. The time for Plaintiffs to serve all defendants is extended until August 16, 2025, or within 21 days after the filing of the second amended complaint, whichever occurs later.

4.  Plaintiffs' Motion for Leave to Supplement the Record

Plaintiffs request permission to file exhibits in support of the motion to remand which Plaintiffs assert were too large to be filed in support of the motion to remand. Upon review, it is unclear what documents Plaintiffs intended to file that were not already filed. In addition, the court has reviewed and has made a recommendation herein regarding the pending motions to remand. The undersigned does not require any additional documents to determine whether this court has jurisdiction and Case No. 25cv284 was properly removed. Plaintiffs' motions to supplement the record will be denied.

5.  Plaintiffs' Motions for Extension of Time to File a Responsive Pleading

Plaintiffs request additional time, until July 5, 2025, to file a response to the pending motion to dismiss, stating that a response to Case No. 25cv284 Filing No. 15 was due on June 4, 2025. Upon review, Plaintiffs filed a response brief to the motion to dismiss on June 4, 2025. (8:25cv95, Filing No. 16; 8:25cv284, Filing No. 30). At this time, no further response is necessary or expected. Plaintiffs' motions will be denied as moot.

6.  Plaintiffs' Motion in Opposition to Motion to Dismiss

Plaintiffs filed a document titled "Motion in Opposition to Motion to Dismiss" and an accompanying brief titled "Plaintiffs Brief in Opposition to Defendant's Motion to Dismiss" (8:25cv95 Filing Nos. 16, 16-1; 8:25cv284, Filing Nos. 30, 30-1). These filings are not motions; they are responses to a motion that is already pending in Case No. 8:25cv284. Therefore, these filings do not require a separate ruling. The Clerk shall terminate Case No. 8:25cv295 Filing No. 16 and Case No. 8:25cv284 Filing No. 30 as motions. Filing No. 30 will be considered as a brief in opposition to the pending motion to dismiss in Case No. 8:25cv284. Accordingly,

IT IS ORDERED:

As to Case No. 8:25-cv-95:

1.  Plaintiffs' Unopposed Motion to Extend is granted. The time for Plaintiffs to serve all defendants is extended until August 16, 2025, or within 21 days after the filing of the second amended complaint, whichever occurs later. (Filing No. 11).

2.  Plaintiffs' Motion for Leave to Supplement the Record is denied. (Filing No. 13).

3.  Plaintiffs' Motion for Extension of Time to File a Responsive Pleading is denied as moot. (Filing No. 15).

4.  The Clerk shall terminate Filing No. 16, titled "Motion in Opposition to Motion to Dismiss" as a motion.

<u>As to Case No. 8:25-cv-284</u>:

1. Plaintiffs' Unopposed Motion to Extend is granted. The time for Plaintiffs to serve all defendants is extended until August 16, 2025, or within 21 days after the filing of the second amended complaint, whichever occurs later. (Filing No 13).

2. Plaintiffs' Motion for Leave to supplement the record is denied. (Filing No. 21).

3. Plaintiffs' Motion for Extension of Time to File a Responsive Pleading is denied as moot. (Filing No. 29).

4. The Clerk shall terminate Filing No. 30, titled "Motion in Opposition to Motion to Dismiss" as a motion.

IT IS FURTHER RECOMMENDED to the Honorable Robert F. Rossiter, Jr., Chief United States District Judge, that:

1. Plaintiffs' Motions to Remand (Case No. 8:25cv95, Filing No. 9; Case No. 8:25cv284, Filing No. 11) be denied.

2. Plaintiffs' Motion to Amend the Complaint be granted in Case No 8:25cv95 only (Filing No. 10), and Plaintiff be given a deadline to file the proposed Second Amended Complaint in Case No. 8:25cv95.

3. Plaintiffs' Motion to Amend be denied in Case No. 8:25cv284 Filing No. 12 as the proposed complaint is duplicative of the claims in Case No. 8:25cv95.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 25th day of June, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge